# EXHIBIT C

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  CRIMINAL TERM
        PART: 41
-----------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK         Indictment
                                            No. 2331/04

       -against-

ROBERT ANGONA,

                        Defendant.
-----------------------------------------X
                            100 Centre Street
                            New York, NY 10013

                            December 1, 2006

BEFORE:  HONORABLE RONALD A. ZWEIBEL, JUSTICE


A P P E A R A N C E S:

    For the People:

        ROBERT M. MORGENTHAU, ESQ.
        District Attorney, New York County
        One Hogan Place
        New York, NY 10013
        BY:  LAUREN LITTMAN, ESQ.

    For the Defense:

        CHARLES MILLER, ESQ.
        105-15 Cross Bay Boulevard
        Ozone Park, NY 11417




                            LAURIE EISENBERG, C.S.R., R.P.R.
                            Senior Court Reporter
```

Proceedings

1   THE CLERK: Added to the calendar,
2   Robert Angona, Indictment 2331/04.
3       Appearances for the record, please.
4       MS. LITTMAN: Lauren Littman for the
5   People.
6       MR. MILLER: Charles Miller, 105-15
7   Cross Bay Boulevard, Ozone Park, New York
8   11417.
9       THE COURT: Is there an application?
10      MR. MILLER: Yes, Your Honor.
11      Your Honor, at this time, I believe,
12  based upon the consent of the People, my client
13  makes an application at this time to vacate his
14  prior guilty plea and now plead guilty to grand
15  larceny in the third degree.
16      THE COURT: Mr. Angona, have you had
17  an opportunity to discuss the case and your plea
18  with your attorney?
19      THE DEFENDANT: Yes.
20      THE COURT: You had thorough time to
21  fully discuss your decision to plead guilty?
22      THE DEFENDANT: Yes, sir.
23      THE COURT: Are you pleading guilty
24  because you are, in fact, guilty of the crime?
25      THE DEFENDANT: Yes, sir.

Proceedings

1      THE COURT: By pleading guilty you're
2  waiving your constitutional rights, which
3  include your right to trial by jury, your right
4  to confront witnesses against you, your right
5  the remain silent, and your right to put the
6  State to its burden of proving your guilt beyond
7  a reasonable doubt.
8      Do you understand?
9      THE DEFENDANT: Yes, sir.
10     THE COURT: You understand if your
11 plea of guilty is accepted by this Court, it
12 will be exactly the same as if you were found
13 guilty after trial of the charge of grand
14 larceny in the third degree; you understand?
15     THE DEFENDANT: Yes, sir.
16     THE COURT: You understand the charge
17 you're pleading guilty to; correct?
18     THE DEFENDANT: Yes, sir.
19     THE COURT: Has anyone, including the
20 Court, the DA, your lawyer, or anyone else
21 forced or threatened you to enter the plea of
22 guilty?
23     THE DEFENDANT: No, sir.
24     THE COURT: You're charged with grand
25 larceny in the third degree, committed as

4

Proceedings

1  follows:

2        The defendant, in the County of New
3  York, during the period from August 1, 2003
4  through April 30, 2004, stole property from New
5  York Academy of Art, and the value of the
6  property exceed three thousand dollars.
7        Do you admit to that charge?
8        THE DEFENDANT: Yes, sir.
9        THE COURT: Plea is acceptable to the
10 Court.
11       For the People?
12       MS. LITTMAN: Yes.
13       THE COURT: Take the plea.
14       THE CLERK: Robert Angona, do you now
15 wish to withdraw your previously entered plea of
16 guilty to grand larceny in the second degree and
17 change that to grand larceny in the third
18 degree; is that what you wish to do?
19       THE DEFENDANT: Yes, sir.
20       THE COURT: Remand.
21       Date for sentence?
22       MS. LITTMAN: The promised sentence is
23 two-and-a-half to five years.
24       The defendant should be sentenced as a
25 predicate felon.

Proceedings

1              There's also a waiver of appeal.
2              The People are not going to object to
3    the request of counsel that his time run
4    concurrent with the defendant's time that he has
5    still to serve in, I believe, a federal New
6    Jersey case.
7              MR. MILLER: That's correct.
8              THE COURT: He needs to be arraigned
9    as a predicate.
10             MS. LITTMAN: Yes.
11             If we could execute the waiver of
12   appeal?
13             THE COURT: Yes.
14             MR. MILLER: Your Honor, we're willing
15   to waive a presentence report, if that's
16   possible.
17             THE COURT: I don't think it can be
18   waived, although he was previously sentenced.
19             THE CLERK: I'm told he can be
20   resentenced immediately.
21             THE COURT: All right.
22             THE CLERK: Arraign him for sentence?
23             THE COURT: He needs to be arraigned
24   as a predicate.
25             THE CLERK: Robert Angona, the

Proceedings

1  district attorney filed a statement with this
2  Court that charges you with a previous felony
3  conviction.
4      It reads that on June 26, 1992, in the
5  Superior Court of Ocean County, New Jersey,
6  State of New Jersey, you were convicted of a
7  felony of larceny in the third degree.
8      Now, you may challenge this
9  conviction on the ground it was obtained
10 unconstitutionally. Failure to do so at this
11 time will be deemed a waiver of any allegation
12 of unconstitutionality.
13     Mr. Angona, are you the person named
14 in the statement?
15     THE DEFENDANT: I am.
16     THE COURT: Do you challenge the
17 constitutionality of that conviction?
18     THE DEFENDANT: I do not.
19     THE COURT: He'll be adjudicated a
20 predicate felon for purposes of the sentence.
21     There's also a waiver of appeal. Has
22 that been executed?
23     MR. MILLER: It has.
24     THE COURT: I'll sign it.
25     By executing this waiver of appeal,

Proceedings

1  you're waiving your right to appeal this
2  judgment of conviction?
3      THE DEFENDANT: I did.
4      THE COURT: I also signed the waiver
5  of appeal.
6      THE CLERK: Robert Angona, you're
7  being arraigned for sentence following your plea
8  of guilty to grand larceny in the third degree.
9      Before the Court pronounces sentence,
10 he will allow the district attorney, your
11 attorney and yourself an opportunity to make a
12 statement with respect to your sentence.
13     DA wish to be heard?
14     MS. LITTMAN: The People rely on the
15 promised sentence.
16     MR. MILLER: Briefly, Your Honor.
17     First, I want to thank the district
18 attorney's office and Your Honor for your
19 assistance in this matter. Also, the ability to
20 get my client down here. I realize it was
21 difficult.
22     I ask the Court to indicate it will
23 sentence my client accordingly with his current
24 federal sentence.
25     I want to give the Court the docket

Proceedings

1   number of that sentence. It was United States
2   District Court for the District of New Jersey,
3   CR04-768-01. That is the current docket he's
4   serving a federal sentence on.
5           THE COURT: That wasn't part of the
6   original plea; was it?
7           MR. MILLER: No.
8           THE COURT: The People are agreeing to
9   that?
10          MS. LITTMAN: Yes, that this time will
11  run concurrent. We agree.
12          THE COURT: Does your client want to
13  state anything further?
14          MR. MILLER: No, sir.
15          Thank you.
16          THE COURT: The defendant will be
17  sentenced in accordance with the plea agreement,
18  minimum of two-and-a-half years, maximum of five
19  years.
20          The sentence will run concurrent with
21  the federal sentence, the number that was
22  indicated by counsel for that case.
23          *        *        *        *
            The foregoing is hereby certified to be a
24  true and correct transcript of the proceedings
    held in this matter.
25          LAURIE EISENBERG, CSR, RPR
            Senior Court Reporter

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  CRIMINAL TERM
        PART: 41
------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK          Indictment
                                             No. 2331/04
            -against-

ROBERT ANGONA,

                        Defendant.
------------------------------------------X
                            100 Centre Street
                            New York, NY 10013

                            December 1, 2006

BEFORE:  HONORABLE RONALD A. ZWEIBEL, JUSTICE

A P P E A R A N C E S:

    For the People:

        ROBERT M. MORGENTHAU, ESQ.
        District Attorney, New York County
        One Hogan Place
        New York, NY 10013
        BY:  LAUREN LITTMAN, ESQ.

    For the Defense:

        CHARLES MILLER, ESQ.
        105-15 Cross Bay Boulevard
        Ozone Park, NY 11417




                        LAURIE EISENBERG, C.S.R., R.P.R.
                        Senior Court Reporter
```

2

Proceedings

1  THE CLERK: Added to the calendar, Robert Angona, Indictment 2331/04.
2  
3  Appearances for the record, please.
4  MS. LITTMAN: Lauren Littman for the People.
5  
6  MR. MILLER: Charles Miller, 105-15 Cross Bay Boulevard, Ozone Park, New York 11417.
7  
8  
9  THE COURT: Is there an application?
10 MR. MILLER: Yes, Your Honor.
11 Your Honor, at this time, I believe, based upon the consent of the People, my client makes an application at this time to vacate his prior guilty plea and now plead guilty to grand larceny in the third degree.
12 
13 
14 
15 
16 THE COURT: Mr. Angona, have you had an opportunity to discuss the case and your plea with your attorney?
17 
18 
19 THE DEFENDANT: Yes.
20 THE COURT: You had thorough time to fully discuss your decision to plead guilty?
21 
22 THE DEFENDANT: Yes, sir.
23 THE COURT: Are you pleading guilty because you are, in fact, guilty of the crime?
24 
25 THE DEFENDANT: Yes, sir.

Proceedings

1   THE COURT: By pleading guilty you're
2 waiving your constitutional rights, which
3 include your right to trial by jury, your right
4 to confront witnesses against you, your right
5 the remain silent, and your right to put the
6 State to its burden of proving your guilt beyond
7 a reasonable doubt.
8   Do you understand?
9   THE DEFENDANT: Yes, sir.
10   THE COURT: You understand if your
11 plea of guilty is accepted by this Court, it
12 will be exactly the same as if you were found
13 guilty after trial of the charge of grand
14 larceny in the third degree; you understand?
15   THE DEFENDANT: Yes, sir.
16   THE COURT: You understand the charge
17 you're pleading guilty to; correct?
18   THE DEFENDANT: Yes, sir.
19   THE COURT: Has anyone, including the
20 Court, the DA, your lawyer, or anyone else
21 forced or threatened you to enter the plea of
22 guilty?
23   THE DEFENDANT: No, sir.
24   THE COURT: You're charged with grand
25 larceny in the third degree, committed as

Proceedings

1    follows:

2         The defendant, in the County of New York, during the period from August 1, 2003 through April 30, 2004, stole property from New York Academy of Art, and the value of the property exceed three thousand dollars.

7         Do you admit to that charge?

8    THE DEFENDANT: Yes, sir.

9    THE COURT: Plea is acceptable to the Court.

11         For the People?

12    MS. LITTMAN: Yes.

13    THE COURT: Take the plea.

14    THE CLERK: Robert Angona, do you now wish to withdraw your previously entered plea of guilty to grand larceny in the second degree and change that to grand larceny in the third degree; is that what you wish to do?

19    THE DEFENDANT: Yes, sir.

20    THE COURT: Remand.

21         Date for sentence?

22    MS. LITTMAN: The promised sentence is two-and-a-half to five years.

24         The defendant should be sentenced as a predicate felon.

There's also a waiver of appeal.

The People are not going to object to the request of counsel that his time run concurrent with the defendant's time that he has still to serve in, I believe, a federal New Jersey case.

MR. MILLER: That's correct.

THE COURT: He needs to be arraigned as a predicate.

MS. LITTMAN: Yes.

If we could execute the waiver of appeal?

THE COURT: Yes.

MR. MILLER: Your Honor, we're willing to waive a presentence report, if that's possible.

THE COURT: I don't think it can be waived, although he was previously sentenced.

THE CLERK: I'm told he can be resentenced immediately.

THE COURT: All right.

THE CLERK: Arraign him for sentence?

THE COURT: He needs to be arraigned as a predicate.

THE CLERK: Robert Angona, the

Proceedings

1  district attorney filed a statement with this
2  Court that charges you with a previous felony
3  conviction.
4  　　　　It reads that on June 26, 1992, in the
5  Superior Court of Ocean County, New Jersey,
6  State of New Jersey, you were convicted of a
7  felony of larceny in the third degree.
8  　　　　Now, you may challenge this
9  conviction on the ground it was obtained
10 unconstitutionally. Failure to do so at this
11 time will be deemed a waiver of any allegation
12 of unconstitutionality.
13 　　　　Mr. Angona, are you the person named
14 in the statement?
15 　　　　THE DEFENDANT: I am.
16 　　　　THE COURT: Do you challenge the
17 constitutionality of that conviction?
18 　　　　THE DEFENDANT: I do not.
19 　　　　THE COURT: He'll be adjudicated a
20 predicate felon for purposes of the sentence.
21 　　　　There's also a waiver of appeal. Has
22 that been executed?
23 　　　　MR. MILLER: It has.
24 　　　　THE COURT: I'll sign it.
25 　　　　By executing this waiver of appeal,

Proceedings

1  you're waiving your right to appeal this
2  judgment of conviction?
3       THE DEFENDANT: I did.
4       THE COURT: I also signed the waiver
5  of appeal.
6       THE CLERK: Robert Angona, you're
7  being arraigned for sentence following your plea
8  of guilty to grand larceny in the third degree.
9       Before the Court pronounces sentence,
10 he will allow the district attorney, your
11 attorney and yourself an opportunity to make a
12 statement with respect to your sentence.
13      DA wish to be heard?
14      MS. LITTMAN: The People rely on the
15 promised sentence.
16      MR. MILLER: Briefly, Your Honor.
17      First, I want to thank the district
18 attorney's office and Your Honor for your
19 assistance in this matter. Also, the ability to
20 get my client down here. I realize it was
21 difficult.
22      I ask the Court to indicate it will
23 sentence my client accordingly with his current
24 federal sentence.
25      I want to give the Court the docket

8
Proceedings

1  number of that sentence. It was United States
2  District Court for the District of New Jersey,
3  CR04-768-01. That is the current docket he's
4  serving a federal sentence on.
5          THE COURT: That wasn't part of the
6  original plea; was it?
7          MR. MILLER: No.
8          THE COURT: The People are agreeing to
9  that?
10         MS. LITTMAN: Yes, that this time will
11  run concurrent. We agree.
12         THE COURT: Does your client want to
13  state anything further?
14         MR. MILLER: No, sir.
15         Thank you.
16         THE COURT: The defendant will be
17  sentenced in accordance with the plea agreement,
18  minimum of two-and-a-half years, maximum of five
19  years.
20         The sentence will run concurrent with
21  the federal sentence, the number that was
22  indicated by counsel for that case.
23              *         *         *         *
24     The foregoing is hereby certified to be a
   true and correct transcript of the proceedings
25 held in this matter.
            LAURIE EISENBERG, CSR, RPR
            Senior Court Reporter