Index No. 07 Civ. 2944 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BLUMATTE a/k/a ROBERT ANGONA
a/k/a JOHN BLUE,

                              Plaintiff,

                   -against-

GERARD QUINN, DONALD ROGERS et al.,

                            Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants Quinn and Rogers*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: SHAWN D. FABIAN*
*Tel: (212) 788-0906*
*NYCLIS No. 2007-016376*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

RULE 12(C) STANDARD FOR DISMISSAL ..................................................................... 2

ARGUMENT .......................................................................................................................... 4

POINT I

THERE WAS PROBABLE CAUSE FOR THE ARREST OF PLAINTIFF JOHN BLUMATTE SO ALL CLAIMS STEMMING FROM THAT ARREST MUST BE DISMISSED ........................................................ 4

A.    Plaintiff's Claims of False Arrest are Precluded Because Plaintiff's Guilty Plea is Sufficient to Create Probable Cause ................................. 7

B.    Plaintiff's Claims of False Arrest are Precluded Because A Complaining Victim is Sufficient to Create Probable Cause ................................. 8

POINT II

PLAINTIFF CANNOT ESTABLISH A MALICIOUS PROSECTION CLAIM ..................................................... 10

A.    Plaintiff Fails to Show that City Defendants Instituted a Criminal Prosecution.................................... 11

B.    The Proceeding Was Not Terminated In Plaintiff's Favor ......................................................... 12

C.    There Was Probable Cause to Prosecute Plaintiff .............................................................. 12

D.    There is No Evidence of Malice on the Part of the Defendants ............................................... 12

**Page**

POINT III

PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM AGAINST CITY DEFENDANTS AND THE STATUTE OF LIMITATIONS HAS EXPIRED ...............................................................13

POINT IV

CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM LIABILITY ......................................15

CONCLUSION.................................................................................................. 18

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                              <u>Pages</u>

Anderson v. Creighton,
   483 U.S. 635 ...............................................................................................15, 17

Baba-Ali v. The City of New York,
   979 F. Supp. 268 (S.D.N.Y. 1977) ..............................................................12

Baez v. New York City Health and Hospitals Corp.,
   80 N.Y.2d 571, 592 N.Y.S.2d 640, 607 N.E.2d 787 (1992)...................13

Baker v. McCollan,
   443 U.S. 137 (1979).....................................................................................6

Barchet v. New York City Transit Authority,
   20 N.Y.2d 1 (1967) ....................................................................................13

Beck v. Ohio,
   379 U.S. 89 (1964)......................................................................................7

Bender v. City of New York,
   78 F.3d 787 (2d Cir. 1996).........................................................................11

Berman v. Turecki,
   885 F. Supp. 528 (S.D.N.Y. 1995),
   <u>aff'd</u>, 1996 U.S. App. LEXIS 3026 (2d Cir. Jan. 19, 1996)....................7

Bernard v. United States,
   25 F.3d 98 (2d Cir. 1994)........................................................................5, 6, 9

Boddie v. Schnieder,
   105 F.3d 857 (2d Cir. 1997)........................................................................3

Boyd v. City of New York,
   336 F.3d 72 (2d Cir. 2003)..........................................................................17

Broughton v. State,
   37 N.Y.2d 451 (1975) ..................................................................................5

**Cases**                                                                          **Pages**

Brown v. Metropolitan Transportation Authority,
    717 F. Supp. 257 (S.D.N.Y. 1989) ...............................................................................14

Cameron v. Fogerty,
    806 F.2d 380 (2d Cir. 1986),
    cert. denied, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed. 2d 501 (1987) ......................................4

Campbell v. Giuliani,
    99 Civ. 2603  2001 U.S. Dist. LEXIS 609 (S.D.N.Y. Jan. 24, 2001)..................................9, 17

Cartier v. Lussier,
    955 F.2d 841 (2d Cir. 1992).......................................................................................16

Cerrone v. Brown,
    246 F.3d 194 (2d Cir. 2001).......................................................................................17

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)......................................................................................2, 3

Colon v. City of New York,
    60 N.Y.2d 78, 468 N.Y.S.2d 453 (1983) ...........................................................................9, 11

Coons v. Casabella,
    284 F.3d 437 (2d Cir. 2002).......................................................................................17

Covington v. City of New York,
    171 F.3d 117 (2d Cir. 1999).......................................................................................5

Coyle v. Coyle,
    153 Fed. Appx. 10, 12 (2d Cir. 2005)...............................................................................6

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001)......................................................................................7, 9

Devenpeck v. Alford,
    543 U.S. 146 (2004)...............................................................................................8

Duamutef v. Morris,
    956 F. Supp. 1112 (S.D.N.Y. 1997)..................................................................................5

Dukes v. City of New York,
    879 F. Supp. 335 (S.D.N.Y. 1995) ................................................................................12

Electronics Communications Corp. v. Toshiba America Consumer Products, Inc.,
    129 F.3d 240 (2d. Cir. 1997)......................................................................................3

**Cases**                                                                                          **Pages**

Erickson v. Henderson,
  30 A.D.2d 282 (App. Div. 4th Dept. 1968) ...................................................14

Felder v. Casey,
  487 U.S. 131 (1988).........................................................................................14

Gant v. Wallingford Board of Education, et al.,
  69 F.3d 669 (2d Cir. 1995)...............................................................................3

Golino v. City of New Haven,
  950 F.2d 864 (2d Cir. 1991),
   cert. denied, 505 U.S. 1221 (1992) .................................................................6

Gryl ex rel. Shires Pharms. Group PLC v. Shire Pharms. Group PLC,
  298 F.3d 136 (2d Cir. 2002)..............................................................................2

Harlow v. Fitzgerald,
  457 U.S. 800 (1992).........................................................................................15

Heck v. Humphrey,
  512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).............................4

Hernandez v. City of New York,
  00 Civ. 9507 (RWS), 2004 U.S. Dist. LEXIS 23365
  (S.D.N.Y. Nov. 18, 2004) ................................................................................4

Hunter v. Bryant,
  502 U.S. 224, 227 (1991) ................................................................................15

Houston v. New York State Troopers
  96 Civ. 1587 (DAB), 1997 U.S. Dist. LEXIS 15999,
  (S.D.N.Y. Oct. 10, 1997) .................................................................................7

Hygh v. Jacobs,
  961 F.2d 359 (2d Cir. 1992)........................................................................6, 11

Illinois v. Gates,
  462 U.S. 213 (1983).......................................................................................5, 6

International Audiotext Network, Inc. v. America Telegraph & Telegraph Co.,
  62 F.3d 69 (2d 1995)......................................................................................2, 3

Jaegly v. Couch,
  439 F.3d 149 (2d Cir. 2006)..............................................................................8

**Cases**                                                                                          **Pages**

Janetka v. Dabe,
    892 F.2d 187 (2d Cir. 1989)........................................................................5

Kinzer v. Jackson,
    316 F.3d 139 (2d Cir. 2003)..............................................................11, 12

Komsoli v. Fudenberg,
    88 Civ. 1792 2000 U.S. Dist. LEXIS 4237
    (S.D.N.Y. Mar. 31, 2000) .................................................................11

Krause v. Bennett,
    887 F.2d 362 (2d Cir. 1989)................................................................10

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996)..............................................................12, 13

Malley v. Briggs,
    475 U.S. 335 (1986).........................................................................16

Martinez v. Simonetti,
    202 F.3d 625 (2d Cir. 2000)................................................................8

McLaurin v. New Rochelle Police Officers,
    379 F. Supp. 2d 475 (S.D.N.Y. 2005).....................................................9

Michigan v. DeFillippo,
    443 U.S. 31 (1979)..........................................................................6

Miloslavsky v. AES Engineering Society, Inc.,
    808 F. Supp. 351 (S.D.N.Y. 1992),
    aff'd, 993 F.2d 1534 (2d Cir. 1993),
    cert. denied, 510 U.S. 817 (1993) ......................................................6, 9

Mitchell v. Forsyth,
    472 U.S. 511 (1985)........................................................................15

Morel v. Crimaldi,
    683 N.Y.S.2d 22 (App. Div. 1st Dept. 1998)............................................5

Morillo v. The City of New York,
    95 Civ. 2176  1997 U.S. Dist. LEXIS 1665
    (S.D.N.Y. Feb. 20, 1997)..............................................................11, 12

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997)...............................................................12

**Cases**                                                                                           **Pages**

Nardelli v. Stamberg,
    44 N.Y.2d 500, 406 N.Y.S.2d 443 (1978) ........................................................................12

Obilo v. City Univ. of N.Y.,
    01-CV-5118 (DGT) 2003 U.S. Dist. LEXIS 2886
    (E.D.N.Y. Feb. 28, 2003) .................................................................................................2, 9

Oliveira v. Mayer,
    23 F.3d 642 (2d Cir. 1994),
    cert. denied, 513 U.S. 1076 (1995) ......................................................................................15

Panetta v. Crowley,
    460 F.3d 388 (2d Cir. 2006).....................................................................................6, 8, 9, 10

Parks v. City of New York,
    00-CV-2564 (JG) 2000 U.S. Dist. LEXIS 12202
    (E.D.N.Y. Aug. 24, 2000)......................................................................................................8

Phillips v. Village of Frankfort,
    31 Misc. 2d 815,  N.Y.S.2d 171 (Sup. Ct. 1961)................................................................13

Pierson v. Ray,
    386 U.S. 547 (1967)...............................................................................................................6

Posr v. Court Officer Shield #207,
    180 F.3d 409 (2d Cir. 1999).................................................................................................11

Reynolds v. City of New York,
    04 Civ. 6540, 2005 U.S. Dist. LEXIS 26173
    (S.D.N.Y. Oct. 31, 2005) .......................................................................................................9

Ricciuti v. N.Y.C. Transit Authority,
    941 F.2d 119 (2d Cir. 1991).................................................................................................6

Robinson v. Matos,
    97 Civ. 7144, 1999 U.S. Dist. LEXIS 5447
    (S.D.N.Y. Apr. 16, 1999).....................................................................................................14

Rohman v. New York City Transit Authority,
    215 F.3d 208 (2d Cir. 2000).................................................................................................11

Samuels v. Air Transportation Local 504,
    992 F.2d 12 (2d Cir. 1993)....................................................................................................3

Saucier v. Katz,
    533 U.S. 194 (2001)........................................................................................................15, 16

**Cases**                                                                                          **Pages**

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003)...................................................................................11

Sealey v. Fishkin,
    96-CV-6303 (RR), 1998 U.S. Dist. LEXIS 20142
    (E.D.N.Y. Dec. 2, 1998) ...................................................................................7

Shakur v. McGrath,
    517 F.2d 983 (2d Cir. 1975)...........................................................................14

Silberstein v. County of Westchester,
    92 A.D. 867 (2d Dep't 1983),
    aff'd, 62 N.Y.2d 675 (1984) ...........................................................................13

Silver v. Kuehbeck,
    05 Civ. 35 (RPP), 2005 U.S. Dist. LEXIS 26956
    (S.D.N.Y. Nov. 7, 2005), aff'd, 2007 U.S. App. LEXIS 3087...........................9, 11

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995)...........................................................................5, 6, 9

Smith v. City of New York,
    388 F. Supp. 2d 179 (S.D.N.Y. 2005)...........................................................10, 14, 17

Spies v. Brown,
    98-CV-4708 (NG), 2002 U.S. Dist. LEXIS 4903
    (E.D.N.Y. Mar 13, 2002) ...................................................................................5

Stephenson v. John Doe,
    332 F.3d 68 (2d Cir. 2003)...........................................................................17

Stile v. City of New York,
    172 A.D.2d 743, 569 N.Y.S.2d 129 (2d Dept. 1991) .........................................11

Stratton v. City of Albany,
    612 N.Y.S.2d 286 (3d Dept. 1994) ...................................................................6

Subgidio v. Graiani,
    05 Civ. 4065 (GBD), 2006 U.S. Dist. LEXIS 10301
    (S.D.N.Y. Mar. 16, 2006) ...................................................................................4

Sulkowska v. City of New York,
    129 F. Supp. 2d 274 (S.D.N.Y. 2001)...............................................................13

**Cases**                                                                                                    **Pages**

Warren v. Dwyer,
   906 F.2d 70 (2d Cir. 1990),
   cert. denied, 498 U.S. 967 (1990) ..................................................................................16

Washington Square Post No. 1212 v. Maduro,
   907 F.2d 1288 (2d Cir. 1990)........................................................................................15

Weyant v. Okst,
   101 F.3d 845 (2d. Cir. 1996)......................................................................................5, 6

**Statutes**

42 U.S.C. § 1983 .................................................................................................... passim

28 U.S.C. § 2254.............................................................................................................4

FRCP 12(b)(6) ...........................................................................................................2, 3

FRCP 12(c) ..............................................................................................................1, 2, 4

N.Y. Gen. Mun. Law § 50-e ...........................................................................................13

N.Y. Gen. Mun. L. § 50-i................................................................................................14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOHN  BLUMATTE  a/k/a  ROBERT  ANGONA  a/k/a
JOHN BLUE,

                                                        Plaintiff,

07 Civ. 2944 (JSR)

                     -against-

GERARD QUINN, DONALD ROGERS, STEPHEN
FARTHING, RANDOLPH LERNER, JR., DAVID
LEVINSON, RUSSELL WILKINSON, EILEEN
GUGENHEIM, ROBERT BOLANDIAN, CHARLES
CAWLEY, ANTHONY COLES, CHRISTOPHER
FORBES, MARGOT GORDON, ROLAN
GRYBAUSKAS, LUDWIG KUTTNER, DAVID LONG,
DOUGLAS OLIVER, JULIA JITKOFF, DAVID
SCHAFER, SYBIL SHAINWALD, DENNIS SMITH,
THE GRADUATE SCHOOL OF FIGURATIVE ART
OF THE NEW YORK ACADEMY OF ARTS, and
JEFFREY C. SLADE,

                                         Defendants.

------------------------------------------------------------------------x


**DEFENDANTS GERARD QUINN AND DONALD ROGERS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS**

**PRELIMINARY STATEMENT**

       Plaintiff John Blumatte a/k/a Robert Angona a/k/a John Blue brings this action

pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that the defendants Gerard Quinn and Donald

Rogers ("City defendants") violated his civil rights, used excessive force against him and falsely

arrested him when he was arrested on April 23, 2004.  City defendants submit this memorandum

of law in support of their motion for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c) as plaintiff has failed to state a claim upon which relief can be granted and City

defendants are entitled to qualified immunity. Accordingly, City defendants respectfully submit that the complaint must be dismissed, in part, against them.

## STATEMENT OF FACTS

On April 23, 2004, plaintiff was arrested by City defendants. (Exhibit A, Plaintiff's Complaint, ¶ 144). Plaintiff was charged with Grand Larceny in the 2nd Degree pursuant to New York Penal Law § 155.40(1) and Resisting Arrest pursuant to New York Penal Law § 205.30. (Exhibit B, Arrest Report).[1] Plaintiff admits in his complaint that that his arrest was the direct result of a complaining victim's statements, which formed the basis for City defendants complaint. (Exhibit A, ¶ 213). Plaintiff admits in his complaint that he pled guilty. (Exhibit A, ¶ 209). Plaintiff pled guilty to Grand Larceny in the 3rd Degree on December 1, 2006. (Exhibit C, Plea Transcript, Indictment 2331/04, Dec. 1, 2006).

## RULE 12(C) STANDARD FOR DISMISSAL

Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP 12(c)") states "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard to be applied to a motion for judgment on the pleadings brought under FRCP 12(c) is the same as a motion to dismiss under FRCP 12(b)(6). In deciding a motion to dismiss under FRCP 12(b)(6), a Court should consider "only the facts

---

[1] Police documents may be considered by the Court as a Court is free to consider documents incorporated into the complaint by reference, attached to the complaint as exhibits, or "whose terms and effects are relied upon" in drafting the complaint. Gryl ex rel. Shires Pharms. Group PLC v. Shire Pharms. Group PLC, 298 F.3d 136, 140 (2d Cir. 2002); Chambers v. Time Warner, Inc., 283 F.3d 147, 152-154 (2d 2002)("complaint is deemed to include any written instrument attached it as an exhibit or any statements or documents incorporated in it by reference."); Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d 1995)(per curiam). In this instance, plaintiff refers in his complaint to his arrest and the legitimacy of its basis. Additionally, the Court should take, at the very least, judicial notice of police paperwork. Obilo v. City Univ. of N.Y., 01-CV-5118 (DGT), 2003 U.S. Dist. LEXIS 2886 (E.D.N.Y. Feb. 28, 2003). However, even if this Court does not consider the police paperwork identified as exhibits, plaintiff fails to state a claim upon which relief can be granted based on the pleadings alone.

alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993); Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). For purposes of dismissal, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting Int'l Audiotext, 62 F.3d at 72). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers, 282 F.3d at 153 (internal citations omitted).

However, "while Conley permits a pleader to enjoy all favorable inferences from facts that have been pleaded, it does not permit conclusory statements to substitute for minimally factual allegations." Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d. Cir. 1997). The Court is not required to uphold the validity of a claim supported only by conclusory allegations. Gant v. Wallingford Bd. of Educ., et al., 69 F.3d 669, 673 (2d Cir. 1995). "It is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find violation . . . fails to state a claim under Rule 12(b)(6)." Id.

On a motion for judgment on the pleadings, defendants must show that plaintiff is not entitled to relief under any set of facts that could be proved consistent with the allegations. However, to survive the motion, plaintiff must show a cognizable claim and allege facts that, if true, would support such a claim. Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

Accordingly, City defendants bring this motion pursuant to FRCP 12(c) on the basis that plaintiff has failed to state a claim upon which relief can be granted.

## ARGUMENT

### POINT I

### THERE WAS PROBABLE CAUSE FOR THE ARREST OF PLAINTIFF JOHN BLUMATTE SO ALL CLAIMS STEMMING FROM THAT ARREST MUST BE DISMISSED

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court denied the existence of any cause of action under Section 1983 for claims that essentially challenge the validity of a criminal conviction when the underlying criminal conviction has not yet been invalidated. <u>Id</u>. The Supreme Court held that to recover damages for

> an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

It is widely held that a guilty plea acts as a conviction and will bar Section 1983 claims that would imply the invalidity of that conviction. <u>Cameron v. Fogerty</u>, 806 F.2d 380, 386-89 (2d Cir. 1986), <u>cert. denied</u>, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed. 2d 501 (1987) (in an action for false arrest, "the plaintiff can in no circumstances recover if he was convicted of the offense for which he was arrested"); <u>Subgidio v. Graiani</u>, 05 Civ. 4065 (GBD)(GWG), 2006 U.S. Dist. LEXIS 10301, at *28-35 (S.D.N.Y. Mar 16, 2006)(conviction bars claims for false arrest, false imprisonment and deprivation of due process); <u>Hernandez v. City of New York</u>, 00 Civ.

9507 (RWS), 2004 U.S. Dist. LEXIS 23365, at *14 (S.D.N.Y. Nov. 18, 2004)(guilty plea bars claims for false arrest and malicious prosecution); Spies v. Brown, 98-CV-4708 (NG), 2002 U.S. Dist. LEXIS 4903 (E.D.N.Y. Mar 13, 2002) (guilty plea bars claims for false arrest, false imprisonment and malicious prosecution); Duamutef v. Morris, 956 F. Supp. 1112, 1115-16 (S.D.N.Y. Jan. 30, 1997)(conviction bars claims for false arrest, malicious prosecution, perjury, first amendment retaliation, and denial of equal protection under the law under Section 1985(3)).

Moreover, a § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law. Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996) (citations omitted); Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989). In order to state a claim for false arrest, plaintiffs must prove all of the following four elements: (1) the defendant intended to confine them; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Broughton v. State, 37 N.Y. 2d 451, 456 (1975).

The presence of probable cause is a complete defense to an action for false arrest or false imprisonment whether under § 1983 or state law. Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999); Weyant, 101 F.3d at 852; Singer, 63 F.3d at 118; Morel v. Crimaldi, 683 N.Y.S. 2d 22, 24 (App. Div. 1st Dept. 1998). "[T]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). The existence of probable cause must be determined on the basis of the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 230-32 (1983).

Probable cause exists "when the arresting officer has knowledge or reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer, 63 F.3d at 18 (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)). Probable cause requires only a probability of criminal activity, not an actual showing of criminal activity. Gates, 462 U.S. at 244 n.13; Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 128 (2d Cir. 1991); Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 354 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993), cert. denied, 510 U.S. 817 (1993). Further, probable cause may exist even where the officer has mistaken information, so long as it was reasonable for him or her to rely on that information, Coyle v. Coyle, 153 Fed. Appx. 10, 12 (2d Cir. 2005); Bernard, 25 F.3d at 102, and the validity of an arrest does not depend upon an ultimate finding of guilt or innocence. Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant, 101 F.3d at 852; Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991), cert. denied, 505 U.S. 1221 (1992); Stratton v. City of Albany, 612 N.Y.S. 2d 286, 288 (3d Dept. 1994). Hence, whether the suspect was acquitted later of the charges for which he was arrested is irrelevant to the determination of probable cause at the time of arrest. Michigan v. DeFillippo, 443 U.S. 31, 36 (1979).

In evaluating probable cause, a court considers the facts available to the officer at the time of arrest. Ricciuti, 124 F.3d at 128. "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." Weyant, 101 F.3d at 852 (internal citations omitted). Further, once a police officer has a reasonable basis to believe that there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest. Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Panetta v.

Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (quoting Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001)).  The existence of probable cause is measured as of the moment of arrest, not on later developments.  Beck v. Ohio, 379 U.S. 89, 93 (1964).

Plaintiff's claims of false arrest must be dismissed because plaintiff's guilty plea is sufficient to create probable cause and a complaining victim is sufficient to create probable cause.

## A.    Plaintiff's Claims of False Arrest are Precluded Because Plaintiff's Guilty Plea is Sufficient to Create Probable Cause

Plaintiff's false arrest and malicious prosecution claims must be dismissed as a matter of law because plaintiff pled guilty to Grand Larceny in the 3rd Degree as a result of his April 23, 2004 arrest.  (See Exhibit C).

The courts have reasoned that when a criminal defendant admits his guilt to the offense charged, he cannot thereafter challenge the events preceding that plea.  See Houston v. New York State Troopers; 96 Civ. 1587 (DAB), 1997 U.S. Dist. LEXIS 15999, at *5-6 (S.D.N.Y. Oct. 10, 1997)("It is well-established that a defendant who pleads guilty waives any challenge to the constitutionality of his arrest, interrogation, search and prosecution.")(internal citations omitted).  This is because "[a] guilty plea is not just an admission of unlawful conduct, it is a waiver of all the constitutional rights embodied in the right to a jury trial."  Berman v. Turecki, 885 F. Supp. 528, 533 (S.D.N.Y. 1995), aff'd, 1996 U.S. App. LEXIS 3026 (2d Cir. Jan. 19, 1996).  Accordingly, plaintiff's claims for false arrest and malicious prosecution must fail because of his guilty plea.

Plaintiff's false arrest claim is further barred because there was probable cause for his arrest.  Plaintiff's guilty plea to Grand Larceny in the 3rd Degree conclusively establishes that there was probable cause for the offense.  See Sealey v. Fishkin, 96-CV-6303 (RR), 1998 U.S.

Dist. LEXIS 20142, at *11 (E.D.N.Y. Dec. 2, 1998)("the law is clear that if, after a plaintiff is convicted of any of the charges against him, that conviction is 'conclusive evidence of probable cause' as long as it is not subsequently reversed")(quoting <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996)(other citations omitted); <u>see</u> <u>also</u> <u>Parks v. City of New York</u>, 00-CV-2564 (JG), 2000 U.S. Dist. LEXIS 12202, at *4-5 (E.D.N.Y. Aug. 24, 2000). A plaintiff is not entitled to damages under §1983 for false arrest as long as there is probable cause any offense, whether or not plaintiff was actually charged with that offense. <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152-156 (2004); <u>Jaegly v. Couch</u>, 439 F.3d 149, 154 (2d Cir. 2006).

It is undisputed that plaintiff was arrested and charged with Grand Larceny in the 2nd Degree and that plaintiff pled guilty to Grand Larceny in the 3rd Degree as a result of his April 23, 2004 arrest. (<u>See</u> Exhibits A, B and C). Moreover, plaintiff has not demonstrated that his conviction has been invalidated. Because plaintiff's claims that he was falsely arrested directly call into question the validity of his conviction, and because plaintiff's guilty plea is sufficient to establish probable cause for his arrest, plaintiff's claims must be dismissed.

**B.**    **<u>Plaintiff's Claims of False Arrest are Precluded Because A Complaining Victim is Sufficient to Create Probable Cause</u>**

Even assuming that plaintiff's guilty plea is insufficient to defend his claims, they still fail because there was probable cause for his arrest. Plaintiff alleges, in conclusory fashion, that his arrest on April 23, 2004 was done without probable cause. (Exhibit A, ¶ 140). However, plaintiff's complaint admits that his arrest was the direct result of statements made to City defendants by a complaining victim. (Exhibit A, ¶ 213). Accordingly, there was probable cause for plaintiff's arrest and all claims stemming from that arrest must be dismissed.

Police have probable cause to arrest if they receive "information from some person, normally the putative victim or eyewitness." <u>Panetta</u>, 460 F.3d at 395 (quoting <u>Martinez</u>

v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000)); McLaurin v. New Rochelle Police Officers, 379

F. Supp. 2d 475 (S.D.N.Y. 2005); Reynolds v. City of New York, 04 Civ. 6540 (SHS), 2005

U.S. Dist. LEXIS 26173, at *7 (S.D.N.Y. Oct. 31, 2005) (citing Singer, 63 F.3d at 119). Even if

the information provided later turns out to have been false, the test is whether the arresting

officer was reasonable in relying upon the information at the time of the arrest:

> Because an unequivocal identification of a suspect received by
> police from a victim or eyewitness can provide probable cause,
> then, assuming the information . . . relied upon was wrong,
> probable cause exists even where it is based upon mistaken
> information, so long as the arresting officer was reasonable in
> relying on that information.

Bernard, 25 F.3d 98, 103 (2d Cir. 1994) (quoting Colon v. City of New York, 60 N.Y.2d 78, 468

N.Y.S.2d 453, 455-56 (1983)).

"Indeed, as sources of information go, crime victims are among the most reliable;

they usually can provide a first-hand non-hearsay account of the criminal activity." Campbell v.

Giuliani, 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (S.D.N.Y. Jan. 24, 2001) (citing

Miloslavsky, 808 F. Supp. at 355 ("The veracity of citizen complaints who are the victims of the

very crime they report to the police is assumed"), aff'd, 993 F.2d 1534 (2d Cir.), cert. denied,

510 U.S. 817 (1993)). Courts have found probable cause where the police are presented with

different stories from an alleged victim and the arrestee. Silver v. Kuehbeck, 05 Civ. 35 (RPP),

2005 U.S. Dist. LEXIS 26956 (S.D.N.Y. Nov. 7, 2005), aff'd, 2007 U.S. App. LEXIS 3087, at

*11 (2d Cir. Feb. 8, 2007); Curley, 268 F.3d at 70. "Nor does it matter that an investigation

might have cast doubt upon the basis for the arrest." Panetta, 460 F.3d at 396 (quoting Curley,

268 F.3d at 70); see also Obilo, 2003 U.S. Dist. LEXIS 2886, at *23-29 (probable cause for

arrest existed where victim, who was allegedly plaintiff's girlfriend, identified plaintiff as

perpetrator, despite plaintiff's protestations of innocence). The officer need not decide between

an arrestee's version of the events and that of the complaining witness because the arresting officer is "neither required nor allowed to sit as prosecutor, judge or jury." Smith v. City of New York, 388 F. Supp. 2d 179, 185 (S.D.N.Y. 2005) (citing Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989)).

Here, plaintiff admits in his complaint that City defendants received their information from a complaining victim, and that the arrest was the direct result of statements made by the purported Executive Director of the New York Academy of Arts to City defendants. (Exhibit A, ¶ 213). Therefore, where City defendants were informed by the purported Executive Director of the actions of plaintiff, City defendants acted on that information. Accordingly, the complaining victim's complaint to the police, in and of itself, provides probable cause for plaintiff to have been arrested. Panetta, 460 F.3d at 395.

Even assuming plaintiff's conclusory allegations are true, the complaint shows City defendants had probable cause to arrest plaintiff. Therefore, plaintiff's false arrest claim, and all claims against the City defendants that stem from that claim, must be dismissed.

## POINT II

### PLAINTIFF CANNOT ESTABLISH A MALICIOUS PROSECUTION CLAIM

It is unclear whether plaintiff also brings a claim against the City defendants for malicious prosecution. However, assuming the Court construes plaintiff's complaint as bringing such a claim, plaintiff's claim must be dismissed against the City defendants as he pled guilty to Grand Larceny in the 3rd Degree and as he cannot meet the four elements of a malicious prosecution claim.

To state a claim of malicious prosecution under both Section 1983 and New York State law, a plaintiff must show: (1) that the defendant commenced or continued a criminal

proceeding against plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) an absence of probable cause for the proceeding; and (4) that the proceeding was instituted with malice. Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (citing Colon v. City of New York, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453 (1983)); Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003); Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000); Morillo v. The City of New York, 95 Civ. 2176 (JSM), 1997 U.S. Dist. LEXIS 1665, at *13 (S.D.N.Y. Feb. 20, 1997).

**A.    Plaintiff Fails to Show that City Defendants Instituted a Criminal Prosecution**

"The first element of a malicious prosecution cause of action, under state law or § 1983 is, ... 'that the defendant initiated a prosecution against the plaintiff.'" Rohman, 215 F.3d at 217 (quoting Posr v. Court Officer Shield #207, 180 F.3d 409, 417 (2d Cir. 1999)).

As plaintiff fails to allege that City defendants *importuned* or encouraged the prosecutor to bring the criminal prosecution beyond the mere act of reporting the crime, plaintiff has not pled a sufficient claim that City defendants caused the initiation of the criminal prosecution against plaintiff. Komsoli v. Fudenberg, 88 Civ. 1792 (HBP), 2000 U.S. Dist. LEXIS 4237 (S.D.N.Y. Mar. 31, 2000). Furthermore, a malicious prosecution "may arise only after an arraignment or indictment or some other 'evaluation by a neutral body that the charges were warranted.'" Silver, 2005 U.S. Dist. LEXIS 26956, at *15 (quoting Stile v. City of New York, 172 A.D.2d 743, 743, 569 N.Y.S.2d 129 (2d Dept. 1991))(emphasis added); Bender v. City of New York, 78 F.3d 787, 793 n.3 (2d Cir. 1996) (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)). Accordingly, City defendants' acts of arresting plaintiff and processing him does not rise to the level of the police importuning or encouraging a prosecutor to bring a criminal prosecution against plaintiff.

**B.    The Proceeding Was Not Terminated In Plaintiff's Favor**

The second element the plaintiff must prove is that the proceeding was terminated in plaintiff's favor.  Murphy v. Lynn, 118 F.3d 938, 948 (2d Cir. 1997).  Plaintiff admits that he pled guilty.  (Exhibit A, ¶ 209).  On December 1, 2006, plaintiff pled guilty to Grand Larceny in the 3rd Degree.  (See Exhibit C).  Therefore, the proceeding was not terminated in plaintiff's favor and plaintiff fails to state a claim for malicious prosecution.

**C.    There Was Probable Cause to Prosecute Plaintiff**

The third element the plaintiff must prove is that there was no probable cause for the proceeding.  Kinzer, 316 F.3d at 143.  "The existence of probable cause is measured at the time the prosecution was initiated and is based on facts known to or believed to be true by the defendant at that time." Morillo, 1997 U.S. Dist. LEXIS 1665, at *14.

Here, there was probable cause for plaintiff's arrest based on the complaining victim's complaint to the police, and probable cause to arrest equals probable cause to prosecute unless facts come to light that vitiate probable cause.  Dukes v. City of New York, 879 F. Supp. 335, 342 (S.D.N.Y. Mar. 7, 1995) (internal citations omitted).  Plaintiff admits in the complaint that his arrest was the direct result of statements made to the police by the purported Executive Director of the New York Academy of Arts.  (Exhibit A, ¶ 213).  Accordingly, as there was probable cause to prosecute plaintiff, his claim for malicious prosecution must be dismissed.

**D.    There is No Evidence of Malice on the Part of the Defendants**

The fourth element, malice, has been interpreted as commencing or continuing the prosecution for an improper motive, for a reason other than to see that justice is served.  Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (quoting Nardelli v. Stamberg, 44 N.Y.2d 500, 502-03, 406 N.Y.S.2d 443, 445 (1978)); Baba-Ali v. The City of New York, 979 F. Supp. 268, 277 (S.D.N.Y. 1977).  Malice may be inferred from a lack of probable cause.

Sulkowska v. City of New York, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001); Lowth, 82 F.3d at 573.

In this case, plaintiff cannot make out the element of malice because plaintiff pled guilty and there was probable cause to arrest and prosecute as discussed supra. Therefore, plaintiff's malicious prosecution claim must be dismissed.

**POINT III**

**PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM AGAINST CITY DEFENDANTS AND THE STATUTE OF LIMITATIONS HAS EXPIRED**

Any and all of plaintiff's state law claims must be dismissed because plaintiff failed to comply with New York General Municipal Law §§ 50-e and 50-i. New York's General Municipal Law §§ 50-e and 50-i require that plaintiffs who assert state tort law claims against a municipal entity or its employees acting in the scope of employment must (1) file a notice of claim within ninety days after the incident giving rise to the claim, and (2) commence the action within one year and ninety days from the date on which the cause of action accrued. N.Y. Gen. Mun. Law §§ 50-e and 50-i.

A notice of claim is a statutory precondition to suit against a municipality or any of its officers, agents or employees. Gen. Mun. L. §§ 50-e and 50(i)(1)(a); Barchet v. New York City Transit Authority, 20 N.Y.2d 1, 6 (1967). The failure to comply with this condition is grounds for dismissal of the action. Silberstein v. County of Westchester, 92 A.D. 867 (2d Dep't 1983), aff'd, 62 N.Y.2d 675 (1984).

Gen. Mun. L. §§ 50-e and 50-i have been strictly construed by both state and federal courts. Baez v. New York City Health and Hospitals Corp., 80 N.Y.2d 571, 576, 592 N.Y.S.2d 640, 607 N.E.2d 787 (1992); Phillips v. Village of Frankfort, 31 Misc. 2d 815, 220

N.Y.S.2d 171 (Sup. Ct. 1961); Shakur v. McGrath, 517 F.2d 983, 985 (2d Cir. 1975). "A plaintiff's failure to file a notice of claim requires dismissal of pendent state tort claims against the City or its employees in a federal civil rights action." Robinson v. Matos, 97 Civ. 7144 (TPG), 1999 U.S. Dist. LEXIS 5447, at *4 (S.D.N.Y. Apr. 16, 1999) (citing Felder v. Casey, 487 U.S. 131, 151 (1988)). Furthermore, plaintiff's state law claims shall be commenced within one year and ninety days after the happening of the event upon which the claim is based. Gen. Mun. L. § 50-i; Smith v. City of New York, 388 F. Supp. 2d 179, 184 (S.D.N.Y. 2005); Erickson v. Henderson, 30 A.D.2d 282, 285 (App. Div. 4th Dept. 1968). Specifically, failure to comply with these requirements requires a dismissal for failure to state a cause of action. Brown v. Metropolitan Transportation Authority, 717 F. Supp. 257, 259 (S.D.N.Y. 1989).

Plaintiff failed to file a notice of claim concerning the alleged incident. Plaintiff was arrested on April 23, 2004, and was therefore required to file a notice of claim with the City of New York by July 22, 2004. Consequently, because plaintiff failed to do so, any and all of plaintiff's state law claims against City defendants must be dismissed. Furthermore, had plaintiff properly filed a notice of claim, the statute of limitations on any state law claims brought by plaintiff would have expired July 22, 2005.[2] Plaintiff's complaint was filed on April 12, 2007, clearly exceeding the permissible time of one year and ninety days. Therefore, any and all state law claims against the City defendants must be dismissed.

---

[2] Even though the statute of limitations has not yet expired for a malicious prosecution claim, any and all state claims are barred because plaintiff failed to file a notice of claim within ninety days of his guilty plea on December 1, 2006.

## POINT IV

## CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM LIABILITY

City defendants are entitled to qualified immunity. Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). This doctrine is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell, 472 U.S. at 526). Therefore, it is necessary that "qualified immunity questions should be resolved at the earliest possible stage of litigation," to satisfy the goal of the doctrine. Id. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)).

The question of qualified immunity is independent of the merits of the underlying action and must be examined independent of the underlying claims. Saucier, 533 U.S. at 204; see also Washington Square Post No. 1212 v. Maduro, 907 F.2d 1288, 1292 (2d Cir. 1990) (citing Mitchell, 472 U.S. at 527-28)). In fact, the Supreme Court emphasized in Saucier that "to deny summary judgment any time a material issue of fact remains on the . . . claim . . . could undermine the goal of qualified immunity." Id. at 202. The application of qualified immunity is important since it is inevitable that "officials will, in some cases, reasonably but mistakenly [take actions that are later found to be illegal]; in such cases those officials...who act in ways they reasonably believe to be lawful, should not be held personally liable." Anderson v. Creighton, 483 U.S. 635, 641; Oliveira v. Mayer, 23 F.3d 642, 648 (2d Cir. 1994), cert. denied, 513 U.S. 1076 (1995).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established

statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992). It is well settled that police officers, like other government officials performing discretionary functions, are shielded from liability when their conduct does not violate an individual's clearly established constitutional or statutory rights. Warren v. Dwyer, 906 F.2d 70, 74 (2d Cir. 1990), cert. denied, 498 U.S. 967 (1990). Where reasonably competent officials could disagree as to whether the conduct at issue would violate clearly established rights, the immunity defense is available as well. Malley v. Briggs, 475 U.S. 335, 341 (1986); Cartier v. Lussier, 955 F.2d 841, 846 (2d Cir. 1992). The main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." Saucier, 533 U.S. at 205. Thus, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Id. at 202 (quoting Malley, 475 U.S. at 341).

As held in Saucier, district courts must begin the qualified immunity determination with an analysis of whether, on the facts alleged, the officer's conduct violated a constitutional right. Saucier, 533 U.S. at 201. Assuming, arguendo, that the first prong is satisfied, that is, a constitutional violation is established on the facts alleged, "the next, sequential step is to ask whether the right was 'clearly established'" at the time of the alleged incident. Id. The "clearly established" inquiry requires that "if the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. Id. at 202.

The Saucier Court stated that the right the officer is alleged to have violated must have been "clearly established in a more particularized, and hence more relevant, sense." Id. at 202. That is, "[t]he contours of the right must be sufficiently clear that a reasonable official

would understand that what he is doing violates that right." Anderson, 483 U.S. at 640. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. As with the entire issue of qualified immunity, the issue of objective reasonableness is one of law for the Court to determine. See Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003).

Regarding plaintiff's claims, an officer "is entitled to qualified immunity as a matter of law if the undisputed facts and all permissible inferences favorable to the plaintiff show either (a) that it was objectively reasonable for the officer to believe that probable cause existed, or (b) that officers of reasonable competence could disagree on whether the probable cause test was met." Coons v. Casabella, 284 F.3d 437, 440 (2d Cir. 2002) (quoting Cerrone v. Brown, 246 F.3d 194, 199 (2d Cir. 2001)). "Probable cause does not require absolute certainty . . . if police officers of reasonable competence could disagree as to whether there was sufficient probable cause, there is 'arguable' probable cause sufficient to warrant qualified immunity for the defendant officers." Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003) (upholding district court's dismissal of false arrest claim on summary judgment).

At a minimum in the present case, City defendants would be entitled to qualified immunity. Plaintiff was arrested by City defendants based on the complaining victim's complaint. Because victims are generally considered the most reliable source of information regarding criminal activity, Campbell, 2001 U.S. Dist. LEXIS 609, at *9, it was not unreasonable for City defendants to have arrested plaintiff under the circumstances presented to them. Smith, 388 F. Supp. 2d at 186. Even if defendants were mistaken, the Executive Director's complaint as

communicated to City defendants amounted to arguable probable cause that would entitle City defendants to qualified immunity.

Accordingly, as City defendants had arguable probable cause for plaintiff's arrest and subsequent prosecution, plaintiff's claims against City defendants stemming from the arrest and prosecution must be dismissed.

## CONCLUSION

For the foregoing reasons, the City defendants respectfully request that the Court grant their motion for judgment on the pleadings, with prejudice, together with such costs, fees and further relief as the Court deems just and proper.

Dated:      New York, New York
            June 28, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendants Quinn and Rogers
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-0906

                        By:    _____
                                    SHAWN D. FABIAN (SF 4606)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:     J. Joseph Bainton, Esq. (By ECF and First Class Mail)
        Michael J. Little, Esq.
        Bainton McCarthy LLC
        Attorneys for Plaintiff
        26 Broadway, Suite 2400
        New York, New York 10004

        Bennette D. Kramer, Esq. (By ECF and First Class Mail)
        Schlam Stone & Dolan LLP
        26 Broadway
        New York, New York 10004

Andrew S. Kowlowitz, Esq. (By ECF and First Class Mail)
Jonathan Bruno, Esq.
Kaufman Borgeest & Ryan LLP
99 Park Avenue, 19th Floor
New York, New York 10016