# Exhibit  E

Extension Attached

| Form **990** | **Return of Organization Exempt From Income Tax** | OMB No. 1545-0047 |
|---|---|---|
| | Under section 501(c) of the Internal Revenue Code (except black lung benefit trust or private foundation) or section 4947(a)(1) nonexempt charitable trust | **1997** |
| Department of the Treasury Internal Revenue Service | **Note:** The organization may have to use a copy of this return to satisfy state reporting requirements. | This Form is Open to Public Inspection |

**A** For the 1997 calendar year, OR tax year period beginning 7/01 , 1997, and ending 6/30 , 19 98

**B** Check if:
☐ Change of address
☐ Initial return
☐ Final return
☐ Amended return (required also for State reporting)

**C** Please use IRS label or print or type. See Specific Instructions.

The Graduate School Of Figurative Art of
The New York Academy of Art
111 Franklin Street
New York, NY  10013

**D** Employer identification number
13-3643485

**E** State registration number
NY029597

**F** Check ▶ ☐ if exemption application is pending

**G** Type of organization ▶ ☒ Exempt under section 501(c) ( 3 ) ◀ (insert number) OR ▶ ☐ section 4947(a)(1) nonexempt charitable trust

**Note:** Section 501(c)(3) exempt organizations and 4947(a)(1) nonexempt charitable trusts MUST attach a completed Schedule A (Form 990).

**H(a)** Is this a group return for affiliates? ☐ Yes ☒ No
**(b)** If "Yes," enter the number of affiliates for which this return is filed: ▶
**(c)** Is this a separate return filed by an organization covered by a group ruling? ☐ Yes ☒ No

**I** If either box in H is checked "Yes," enter four-digit group exemption number (GEN) ▶
**J** Accounting method: ☐ Cash ☒ Accrual
☐ Other (specify) ▶

**K** Check here ▶ ☐ if the organization's gross receipts are normally not more than $25,000. The organization need not file a return with the IRS; but if it received a Form 990 Package in the mail, it should file a return without financial data. Some states require a complete return.

**Note:** Form 990-EZ may be used by organizations with gross receipts less than $100,000 and total assets less than $250,000 at end of year.

**Part I   Revenue, Expenses, and Changes in Net Assets or Fund Balances** (See Specific Instructions on page 11.)

| | | | |
|---|---|---|---|
| 1 | Contributions, gifts, grants, and similar amounts received: | | |
| a | Direct public support | 1a  2,866,330 | |
| b | Indirect public support | 1b | |
| c | Government contributions (grants) | 1c | |
| d | Total (add lines 1a through 1c) (attach schedule of contributors) (cash $ 2,361,734 noncash $ 504,596 ) See Statement 1 | 1d | 2,866,330 |
| 2 | Program service revenue including government fees and contracts (from Part VII, line 93) | 2 | 1,232,105 |
| 3 | Membership dues and assessments | 3 | |
| 4 | Interest on savings and temporary cash investments | 4 | 5,655 |
| 5 | Dividends and interest from securities | 5 | |
| 6a | Gross rents | 6a  59,323 | |
| b | Less: rental expenses | 6b  54,935 | |
| c | Net rental income or (loss) (subtract line 6b from line 6a) | 6c | 4,388 |
| 7 | Other investment income (describe ▶ ) | 7 | |
| 8a | Gross amount from sale of assets other than inventory (A) Securities / (B) Other | 8a | |
| b | Less: cost or other basis and sales expenses | 8b | |
| c | Gain or (loss) (attach schedule) | 8c | |
| d | Net gain or (loss) (combine line 8c, columns (A) and (B)) | 8d | |
| 9 | Special events and activities (attach schedule) | | |
| a | Gross revenue (not including $ _____ of contributions reported on line 1a) | 9a | |
| b | Less: direct expenses other than fundraising expenses | 9b | |
| c | Net income or (loss) from special events (subtract line 9b from line 9a) | 9c | |
| 10a | Gross sales of inventory, less returns and allowances | 10a | |
| b | Less: cost of goods sold | 10b | |
| c | Gross profit or (loss) from sales of inventory (attach schedule) (subtract line 10b from line 10a) | 10c | |
| 11 | Other revenue (from Part VII, line 103) | 11 | 1,562 |
| 12 | Total revenue (add lines 1d, 2, 3, 4, 5, 6c, 7, 8d, 9c, 10c, and 11) | 12 | 4,110,040 |
| 13 | Program services (from line 44, column (B)) | 13 | 743,671 |
| 14 | Management and general (from line 44, column (C)) | 14 | 1,569,163 |
| 15 | Fundraising (from line 44, column (D)) | 15 | 68,260 |
| 16 | Payments to affiliates (attach schedule) | 16 | |
| 17 | Total expenses (add lines 16 and 44, column (A)) | 17 | 2,381,094 |
| 18 | Excess or (deficit) for the year (subtract line 17 from line 12) | 18 | 1,728,946 |
| 19 | Net assets or fund balances at beginning of year (from line 73, column (A)) | 19 | 935,654 |
| 20 | Other changes in net assets or fund balances (attach explanation) | 20 | |
| 21 | Net assets or fund balances at end of year (combine lines 18, 19, and 20) | 21 | 2,664,600 |

RECEIVED
FEB 21 1999
OGDEN, UT

MAR 2 9 1999  SCANNED

For Paperwork Reduction Act Notice, see page 1 of the separate instructions.                    Form **990** (1997)

The Graduate School Of Figurative Art of
The New York Academy of Art

Form 990 (1997)

13-3643485   Page 2

**Part II** Statement of Functional Expenses

All organizations must complete column (A). Columns (B), (C), and (D) are required for section 501(c)(3) and (4) organizations and section 4947(a)(1) nonexempt charitable trusts but optional for others. (See Specific Instructions on page 18.)

| Do not include amounts reported on line 6b, 8b, 9b, 10b, or 16 of Part I. | | (A) Total | (B) Program services | (C) Management and general | (D) Fundraising |
|---|---|---|---|---|---|
| 22 Grants and allocations (att. sch.)................. (cash $_____ non cash $_____) | 22 | | | | |
| 23 Specific assistance to individuals (att. sch.)........ | 23 | | | | |
| 24 Benefits paid to or for members (att. sch.)......... | 24 | | | | |
| 25 Compensation of officers, directors, etc........... | 25 | 89,273 | | 89,273 | |
| 26 Other salaries and wages..................... | 26 | 653,193 | 240,250 | 412,943 | |
| 27 Pension plan contributions.................... | 27 | 17,168 | 5,250 | 11,918 | |
| 28 Other employee benefits..................... | 28 | | | | |
| 29 Payroll taxes............................ | 29 | 102,765 | 33,841 | 68,924 | |
| 30 Professional fundraising fees.................. | 30 | | | | |
| 31 Accounting fees.......................... | 31 | 23,537 | | 23,537 | |
| 32 Legal fees............................. | 32 | 164,016 | | 164,016 | |
| 33 Supplies.............................. | 33 | 45,552 | 15,958 | 29,594 | |
| 34 Telephone............................. | 34 | 15,905 | | 15,905 | |
| 35 Postage and shipping...................... | 35 | 13,931 | | 13,931 | |
| 36 Occupancy............................ | 36 | 212,883 | | 212,883 | |
| 37 Equipment rental and maintenance............. | 37 | 9,006 | | 9,006 | |
| 38 Printing and publications.................... | 38 | 68,476 | 67,062 | 1,414 | |
| 39 Travel............................... | 39 | 26,149 | 26,149 | | |
| 40 Conferences, conventions, and meetings......... | 40 | | | | |
| 41 Interest.............................. | 41 | 47,432 | | 47,432 | |
| 42 Depreciation, depletion, etc. (attach schedule).... | 42 | 117,683 | | 117,683 | |
| 43 Other expenses (itemize): a See Stmt..2 | 43a | 774,125 | 355,161 | 350,704 | 68,260 |
| b | 43b | | | | |
| c | 43c | | | | |
| d | 43d | | | | |
| e | 43e | | | | |
| 44 Total functional expenses (add lines 22 thru 43) Organizations completing columns (B)-(D), carry these totals to lines 13 - 15.. | 44 | 2,381,094 | 743,671 | 1,569,163 | 68,260 |

**Reporting of Joint Costs.** – Did you report in column (B) (Program services) any joint costs from a combined educational campaign and fundraising solicitation? ...................................................................... ► ☐ Yes ☒ No

If "Yes," enter: (i) the aggregate amount of these joint costs $_____ ; (ii) the amount allocated to Program services $_____ ;
(iii) the amount allocated to Management and general $_____ ; and (iv) the amount allocated to Fundraising $_____ ;

**Part III** Statement of Program Service Accomplishments (See Specific Instructions on page 18.)

What is the organization's primary exempt purpose? ► Education

| | Program Service Expenses (Required for 501(c)(3) and (4) orgs. and 4947(a)(1) trusts; but optional for others.) |
|---|---|
| All organizations must describe their exempt purpose achievements in a clear and concise manner. State the number of clients served, publications issued, etc. Discuss achievements that are not measurable. (Section 501(c)(3) and (4) organizations and 4947(a)(1) nonexempt charitable trusts must also enter the amount of grants and allocations to others.) | |
| a The Academy offered classes to approximately 110 full & part time students working towards a Master of Fine Arts degree in figurative art. The Academy also offers cont. ed. (Grants and allocations $_____ ) | 743,671 |
| b _____ (Grants and allocations $_____ ) | |
| c _____ (Grants and allocations $_____ ) | |
| d _____ (Grants and allocations $_____ ) | |
| e Other program services (attach schedule) (Grants and allocations $_____ ) | |
| f Total of Program Service Expenses (should equal line 44, column (B), Program services) ................ ► | 743,671 |

Form 990 (1997) **The Graduate School Of Figurative Art of The New York Academy of Art**

13-3643485    Page 3

## Part IV  Balance Sheets (See Specific Instructions on page 18.)

Note: Where required, attached schedules and amounts within the description column should be for end-of-year amounts only.

| | | | | (A) Beginning of year | | | (B) End of year |
|---|---|---|---|---|---|---|---|
| **ASSETS** | 45 | Cash – non-interest-bearing | | 209,032 | 45 | | 430,968 |
| | 46 | Savings and temporary cash investments | | | 46 | | |
| | 47a | Accounts receivable | 47a | 34,228 | | | |
| | b | Less: allowance for doubtful accounts | 47b | | 15,070 | 47c | 34,228 |
| | 48a | Pledges receivable | 48a | 1,130,514 | | | |
| | b | Less: allowance for doubtful accounts | 48b | | | 48c | 1,130,514 |
| | 49 | Grants receivable | | | 49 | | |
| | 50 | Receivables from officers, directors, trustees, and key employees (attach sch) | | | 50 | | |
| | 51a | Other notes and loans receivable (attach schedule) | 51a | | | | |
| | b | Less: allowance for doubtful accounts | 51b | | | 51c | |
| | 52 | Inventories for sale or use | | | 52 | | |
| | 53 | Prepaid expenses and deferred charges | | | 53 | | |
| | 54 | Investments – securities (attach schedule) | | 20,173 | 54 | | 22,760 |
| | 55a | Investments – land, buildings, and equipment: basis | 55a | | | | |
| | b | Less: accumulated depreciation (attach schedule) | 55b | | | 55c | |
| | 56 | Investments – other (attach schedule) | | | 56 | | |
| | 57a | Land, buildings, and equipment: basis | 57a | 3,101,917 | | | |
| | b | Less: accumulated depreciation (attach schedule) .3. | 57b | 511,977 | 2,631,016 | 57c | 2,589,940 |
| | 58 | Other assets (describe ▶ See Statement 4 ) | | 257,604 | 58 | | 250,553 |
| | 59 | **Total assets** (add lines 45 through 58) (must equal line 74) | | 3,132,895 | 59 | | 4,458,963 |
| **LIABILITIES** | 60 | Accounts payable and accrued expenses | | 197,505 | 60 | | 184,735 |
| | 61 | Grants payable | | | 61 | | |
| | 62 | Deferred revenue | | | 62 | | |
| | 63 | Loans from officers, directors, trustees, and key employees (attach schedule) | | | 63 | | |
| | 64a | Tax-exempt bond liabilities (attach schedule) | | | 64a | | |
| | b | Mortgages and other notes payable (attach schedule) See Statement 5 | | 1,899,075 | 64b | | 1,406,915 |
| | 65 | Other liabilities (describe ▶ See Statement 6 ) | | 100,661 | 65 | | 202,713 |
| | 66 | **Total liabilities** (add lines 60 through 65) | | 2,197,241 | 66 | | 1,794,363 |
| **NET ASSETS OR FUND BALANCES** | | Organizations that follow SFAS 117, check here ▶ ☒ and complete lines 67 through 69 and lines 73 and 74. | | | | | |
| | 67 | Unrestricted | | 881,180 | 67 | | 1,426,060 |
| | 68 | Temporarily restricted | | 54,474 | 68 | | 32,463 |
| | 69 | Permanently restricted | | | 69 | | 1,206,077 |
| | | Organizations that do not follow SFAS 117, check here ▶ ☐ and complete lines 70 through 74. | | | | | |
| | 70 | Capital stock, trust principal, or current funds | | | 70 | | |
| | 71 | Paid-in or capital surplus, or land, building, and equipment fund | | | 71 | | |
| | 72 | Retained earnings, endowment, accumulated income, or other funds | | | 72 | | |
| | 73 | **Total net assets or fund balances** (add lines 67 through 69 OR lines 70 through 72; column (A) must equal line 19 and column (B) must equal line 21) | | 935,654 | 73 | | 2,664,600 |
| | 74 | **Total liabilities and net assets/fund balances** (add lines 66 and 73) | | 3,132,895 | 74 | | 4,458,963 |

Form 990 is available for public inspection and, for some people, serves as the primary or sole source of information about a particular organization. How the public perceives an organization in such cases may be determined by the information presented on its return. Therefore, please make sure the return is complete and accurate and fully describes, in Part III, the organization's programs and accomplishments.

Form 990 (1997)  The Graduate School Of Figurative Art of The New York    13-3643485    Page 4

| Part IV-A | Reconciliation of Revenue per Audited Financial Statements with Revenue per Return (See Specific Instructions, page 20.) | | Part IV-B | Reconciliation of Expenses per Audited Financial Statements with Expenses per Return | |
|---|---|---|---|---|---|
| a | Total revenue, gains, and other support per audited financial statements ▸ | a 4,110,040 | a | Total expenses and losses per audited financial statements ▸ | a 2,381,094 |
| b | Amounts included on line a but not on line 12, Form 990: | | b | Amounts included on line a but not on line 17, Form 990: | |
| (1) | Net unrealized gains on investments..... $ | | (1) | Donated services and use of facilities ... $ | |
| (2) | Donated services and use of facilities .. $ | | (2) | Prior year adjustments reported on line 20, Form 990.......... $ | |
| (3) | Recoveries of prior year grants........ $ | | (3) | Losses reported on line 20, Form 990 .... $ | |
| (4) | Other (specify): _____ _____ $ | | (4) | Other (specify): _____ _____ $ | |
| | Add amounts on lines (1) through (4) ..... ▸ | b | | Add amounts on lines (1) through (4) ▸ | b |
| c | Line a minus line b ............... ▸ | c 4,110,040 | c | Line a minus line b ............... ▸ | c 2,381,094 |
| d | Amounts included on line 12, Form 990 but not on line a: | | d | Amounts included on line 17, Form 990 but not on line a: | |
| (1) | Investment expenses not included on line 6b, Form 990... $ | | (1) | Investment expenses not included on line 6b, Form 990......... $ | |
| (2) | Other (specify): _____ _____ $ | | (2) | Other (specify): _____ _____ $ | |
| | Add amounts on lines (1) and (2) ..... ▸ | d | | Add amounts on lines (1) and (2)......... ▸ | d |
| e | Total revenue per line 12, Form 990 (line c plus line d) ................ ▸ | e 4,110,040 | e | Total expenses per line 17, Form 990 (line c plus line d) ................ ▸ | e 2,381,094 |

| Part V | List of Officers, Directors, Trustees, and Key Employees (List each one even if not compensated; see Specific Instructions on page 20.) | | | | |
|---|---|---|---|---|---|

| (A) Name and address | (B) Title and average hours per week devoted to position | (C) Compensation (if not paid, enter -0-.) | (D) Contributions to employee benefit plans & deferred compensation | (E) Expense account and other allowances |
|---|---|---|---|---|
| Russell Wilkinson<br>New York, NY 10003 | Chairman<br>None | 0 | 0 | 0 |
| Margot Gordon<br>New York, NY 10021 | Vice Presiden<br>None | 0 | 0 | 0 |
| Randy Lerner<br>New York, NY 10003 | Treasurer<br>None | 0 | 0 | 0 |
| Dennis Smith<br>Southampton, NY 11968 | Secretary<br>None | 0 | 0 | 0 |
| Bruce Ferguson<br>New York, NY | President<br>40 | 89,273 | 9,000 | 0 |
| Kim Kohl<br>New York, NY | Controller<br>40 | 50,567 | 5,249 | 0 |
| David Davidson<br>New York, NY | VP Academic A<br>40 | 51,400 | 5,140 | 0 |

75  Did any officer, director, trustee, or key employee receive aggregate compensation of more than $100,000 from your organization and all related organizations, of which more than $10,000 was provided by the related organizations? ....................... ▸ ☐ Yes  ☒ No
If "Yes," attach schedule - see Specific Instructions on page 20.

Form 990 (1997)   The Graduate School Of Figurative Art of The New York   13-3643485   Page 5

**Part VI** | **Other Information** (See Specific Instructions on page 21.)

| | | | Yes | No |
|---|---|---|---|---|
| 76 | Did the organization engage in any activity not previously reported to the IRS? If "Yes," attach a detailed description of each activity. | 76 | | X |
| 77 | Were any changes made in the organizing or governing documents but not reported to the IRS? If "Yes," attach a conformed copy of the changes. | 77 | | X |
| 78 a | Did the organization have unrelated business gross income of $1,000 or more during the year covered by this return? | 78a | X | |
| b | If "Yes," has it filed a tax return on Form 990-T for this year? | 78b | X | |
| 79 | Was there a liquidation, dissolution, termination, or substantial contraction during the year? If "Yes," attach a statement | 79 | | X |
| 80 a | Is the organization related (other than by association with a statewide or nationwide organization) through common membership, governing bodies, trustees, officers, etc., to any other exempt or nonexempt organization? | 80a | | X |
| b | If "Yes," enter the name of the organization ▶ N/A | | | |
| 81 a | Enter the amount of political expenditures, direct or indirect, as described in the instructions for line 81.  and check whether it is ☐ exempt OR ☐ nonexempt.  **81a** 0 | | | |
| b | Did the organization file **Form 1120-POL** for this year? | 81b | | X |
| 82 a | Did the organization receive donated services or the use of materials, equipment, or facilities at no charge or at substantially less than fair rental value? | 82a | | X |
| b | If "Yes," you may indicate the value of these items here. Do not include this amount as revenue in Part I or as an expense in Part II. (See instructions for reporting in Part III.) **82b** N/A | | | |
| 83 a | Did the organization comply with the public inspection requirements for returns and exemption applications? | 83a | X | |
| b | Did the organization comply with the disclosure requirements relating to quid pro quo contributions? | 83b | X | |
| 84 a | Did the organization solicit any contributions or gifts that were not tax deductible? | 84a | | X |
| b | If "Yes," did the organization include with every solicitation an express statement that such contributions or gifts were not tax deductible? | 84b | N/A | |
| 85 | 501(c)(4), (5), or (6) organizations. – a  Were substantially all dues nondeductible by members? | 85a | N/A | |
| b | Did the organization make only in-house lobbying expenditures of $2,000 or less? | 85b | N/A | |
| | If "Yes" was answered to either 85a or 85b, do not complete 85c through 85h below unless the organization received a waiver for proxy tax owed for the prior year. | | | |
| c | Dues, assessments, and similar amounts from members | 85c | N/A | |
| d | Section 162(e) lobbying and political expenditures | 85d | N/A | |
| e | Aggregate nondeductible amount of section 6033(e)(1)(A) dues notices | 85e | N/A | |
| f | Taxable amount of lobbying and political expenditures (line 85d less 85e) | 85f | N/A | |
| g | Does the organization elect to pay the section 6033(e) tax on the amount in 85f? | 85g | N/A | |
| h | If section 6033(e)(1)(A) dues notices were sent, does the organization agree to add the amount in 85f to its reasonable estimate of dues allocable to nondeductible lobbying and political expenditures for the following tax year? | 85h | N/A | |
| 86 | 501(c)(7) organizations. – Enter: | | | |
| a | Initiation fees and capital contributions included on line 12 | 86a | N/A | |
| b | Gross receipts, included on line 12, for public use of club facilities | 86b | N/A | |
| 87 | 501(c)(12) organizations. – Enter:  a  Gross income from members or shareholders | 87a | N/A | |
| b | Gross income from other sources. (Do not net amounts due or paid to other sources against amounts due or received from them.) | 87b | N/A | |
| 88 | At any time during the year, did the organization own a 50% or greater interest in a taxable corporation or partnership? If "Yes," complete Part IX. | 88 | | X |
| 89 a | 501(c)(3) organizations. – Enter: Amount of tax imposed during the year under: section 4911 ▶ 0 ; section 4912 ▶ 0 ; section 4955 ▶ 0 | | | |
| b | 501(c)(3) and 501(c)(4) organizations. – Did the organization engage in any section 4958 excess benefit transaction during the year? If "Yes," attach a statement explaining each transaction. | 89b | | X |
| c | Enter: Amount of tax imposed on the organization managers or disqualified persons during the year under sections 4912, 4955, and 4958. ▶ | | | 0 |
| d | Enter: Amount of tax in 89c, above, reimbursed by the organization ▶ | | | 0 |
| 90 a | List the states with which a copy of this return is filed ▶ New York | | | |
| b | Number of employees employed in the pay period that includes March 12, 1997 (See instructions.) | 90b | | |
| 91 | The books are in care of ▶ The Organization       Telephone no. ▶ 212-966-0300 | | | |
| | Located at ▶ 111 Franklin St  New York, NY       ZIP + 4 ▶ 10013 | | | |
| 92 | Section 4947(a)(1) nonexempt charitable trusts filing Form 990 in lieu of Form 1041 – Check here and enter the amount of tax-exempt interest received or accrued during the tax year ▶  **92**  N/A  ▶ ☐ | | | |

Form 990 (1997)   The Graduate School Of Figurative Art of The New York     13-3643485     Page 6

## Part VII   Analysis of Income-Producing Activities (See Specific Instructions on page 25.)

Enter gross amounts unless otherwise indicated.

| | Unrelated business income | | Excluded by section 512, 513, or 514 | | (E) |
|---|---|---|---|---|---|
| | **(A)** Business code | **(B)** Amount | **(C)** Exclusion code | **(D)** Amount | Related or exempt function income |
| 93 Program service revenue: | | | | | |
| a Tuition & Fees | | | | | 1,232,105 |
| b | | | | | |
| c | | | | | |
| d | | | | | |
| e | | | | | |
| f Medicare/Medicaid payments . . . . . . . . . . . . . . . | | | | | |
| g Fees and contracts from government agencies . . . | | | | | |
| 94 Membership dues and assessments . . . . . . . . . . | | | | | |
| 95 Interest on savings & temporary cash investments | | | | | |
| 96 Dividends and interest from securities . . . . . . . . . | | | | | 5,655 |
| 97 Net rental income or (loss) from real estate: | | | | | |
| a debt-financed property . . . . . . . . . . . . . . . . . . . . | 6577 | 4,388 | | | |
| b not debt-financed property . . . . . . . . . . . . . . . . . | | | | | |
| 98 Net rental income or (loss) from personal property | | | | | |
| 99 Other investment income . . . . . . . . . . . . . . . . | | | | | |
| 100 Gain/loss from sales of assets other than inventory | | | | | |
| 101 Net income or (loss) from special events . . . . . . . | | | | | |
| 102 Gross profit or (loss) from sales of inventory . . . . . | | | | | |
| 103 Other revenue: a Miscellaneous | | | 3 | 1,562 | |
| b | | | | | |
| c | | | | | |
| d | | | | | |
| e | | | | | |
| 104 Subtotal (add columns (B), (D), and (E)) . . . . . . . | | 4,388 | | 1,562 | 1,237,760 |
| 105 Total (add line 104, columns (B), (D), and (E)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | | | | | 1,243,710 |

**Note:** (Line 105 plus line 1d, Part I, should equal the amount on line 12, Part I.)

## Part VIII   Relationship of Activities to the Accomplishment of Exempt Purposes (See Specific Instructions on page 26.)

| Line No. | Explain how each activity for which income is reported in column (E) of Part VII contributed importantly to the accomplishment of the organization's exempt purposes (other than by providing funds for such purposes). |
|---|---|
| 93a | Tuition received is utilized for the sole purpose of supporting the graduate program and continuing education programs. |

## Part IX   Information Regarding Taxable Subsidiaries (Complete this Part if the "Yes" box on line 88 is checked.)

| Name, address, and employer identification number of corporation or partnership | Percentage of ownership interest | Nature of business activities | Total income | End-of-year assets |
|---|---|---|---|---|
| N/A | % | | | |
| | % | | | |
| | % | | | |
| | % | | | |

return, including accompanying schedules and statements, and to the best of my
ation of preparer (other than officer) is based on all information of which preparer

102.09.99

| SCHEDULE A | **Organization Exempt Under Section 501(c)(3)** | OMB No. 1545-0047 |
|---|---|---|
| **(Form 990)** | (Except Private Foundation) and Section 501(e), 501(f), 501(k), 501(n), or Section 4947(a)(1) Nonexempt Charitable Trust | |
| Department of the Treasury<br>Internal Revenue Service | **Supplementary Information**<br>See separate Instructions.<br>► **Must be completed by the above organizations and attached to their Form 990 (or 990–EZ).** | **1997** |

Name of the organization

The Graduate School Of Figurative Art of
The New York Academy of Art

Employer Identification number

13-3643485

**Part I** Compensation of the Five Highest Paid Employees Other Than Officers, Directors, and Trustees
(See instructions on page 1. List each one. If there are none, enter "None.")

| (a) Name and address of each employee paid more than $50,000 | (b) Title and average hours per week devoted to position | (c) Compensation | (d) Contributions to employee benefit plans & deferred compensation | (e) Expense account and other allowances |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Total number of other employees paid over $50,000 ► | | 0 | | |

**Part II** Compensation of the Five Highest Paid Independent Contractors for Professional Services
(See instructions on page 1. List each one (whether individuals or firms). If there are none, enter "None.")

| (a) Name and address of each independent contractor paid more than $50,000 | (b) Type of service | (c) Compensation |
|---|---|---|
| Littman Krooks Roth & Ball P.C.<br>655 Third Avenue NY NY 10017 | Legal | 88,000 |
| Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas NY NY10019 | Legal | 70,000 |
| | | |
| | | |
| | | |
| Total number of others receiving over $50,000 for professional services .................. ► | 0 | |

For Paperwork Reduction Act Notice, see page 1 of the Instructions for Form 990 and Form 990–EZ.

Schedule A (Form 990) 1997

The Graduate School Of Figurative Art of

Schedule A (Form 990) 1997 The New York Academy of Art                    13-3643485    Page 2

## Part III  .Statements About Activities

| | | Yes | No |
|---|---|---|---|
| 1 | During the year, has the organization attempted to influence national, state, or local legislation, including any attempt to influence public opinion on a legislative matter or referendum? ........................................... **1** | | X |
| | If "Yes," enter the total expenses paid or incurred in connection with the lobbying activities. ▶ $ | | |
| | Organizations that made an election under section 501(h) by filing Form 5768 must complete Part VI-A. Other organizations checking "Yes," must complete Part VI-B AND attach a statement giving a detailed description of the lobbying activities. | | |
| 2 | During the year, has the organization, either directly or indirectly, engaged in any of the following acts with any of its trustees, directors, officers, creators, key employees, or members of their families, or with any taxable organization with which any such person is affiliated as an officer, director, trustee, majority owner, or principal beneficiary: | | |
| a | Sale, exchange, or leasing of property? .......................................................... **2a** | | X |
| b | Lending of money or other extension of credit? ................................................. **2b** | | X |
| c | Furnishing of goods, services, or facilities? ..................................................... **2c** | | X |
| d | Payment of compensation (or payment or reimbursement of expenses if more than $1,000)? See .Form .990.,..Part .V **2d** | X | |
| e | Transfer of any part of its income or assets? .................................................... **2e** | | X |
| | If the answer to any question is "Yes," attach a detailed statement explaining the transactions. | | |
| 3 | Does the organization make grants for scholarships, fellowships, student loans, etc.? ..................................... **3** | X | |
| 4 | Attach a statement to explain how the organization determines that individuals or organizations receiving grants or loans from it in furtherance of its charitable programs qualify to receive payments. (See instructions on page 2.) | | |

## Part IV  Reason for Non-Private Foundation Status (See instructions on pages 2 through 4.)

The organization is not a private foundation because it is: (Please check only ONE applicable box):

5 ☐ A church, convention of churches, or association of churches. Section 170(b)(1)(A)(i).

6 ☒ A school. Section 170(b)(1)(A)(ii). (Also complete Part V, page 4.)

7 ☐ A hospital or a cooperative hospital service organization. Section 170(b)(1)(A)(iii).

8 ☐ A Federal, state, or local government or governmental unit. Section 170(b)(1)(A)(v).

9 ☐ A medical research organization operated in conjunction with a hospital. Section 170(b)(1)(A)(iii). **Enter the hospital's name, city, and state**
▶

10 ☐ An organization operated for the benefit of a college or university owned or operated by a governmental unit. Section 170(b)(1)(A)(iv).
(Also complete the **Support Schedule** in Part IV-A.)

11a ☐ An organization that normally receives a substantial part of its support from a governmental unit or from the general public. Section 170(b)(1)(A)(vi). (Also complete the **Support Schedule** in Part IV-A.)

11b ☐ A community trust. Section 170(b)(1)(A)(vi). (Also complete the **Support Schedule** in Part IV-A.)

12 ☐ An organization that normally receives: (1) more than 33 1/3% of its support from contributions, membership fees, and gross receipts from activities related to its charitable, etc., functions--subject to certain exceptions, and (2) **no more than 33 1/3%** of its support from gross investment income and unrelated business taxable income (less section 511 tax) from businesses acquired by the organization after June 30, 1975. See section 509(a)(2). (Also complete the **Support Schedule** in Part IV-A.)

13 ☐ An organization that is not controlled by any disqualified persons (other than foundation managers) and supports organizations described in: (1) lines 5 through 12 above; or (2) section 501(c)(4), (5), or (6), if they meet the test of section 509(a)(2). (See section 509(a)(3).)

Provide the following information about the supported organizations. (See instructions on page 4.)

| (a) Name(s) of supported organization(s) | (b) Line number from above |
|---|---|
| | |
| | |
| | |
| | |

14 ☐ An organization organized and operated to test for public safety. Section 509(a)(4). (See instructions on page 4.)

Schedule A (Form 990) 1997

**The Graduate School Of Figurative Art of The New York Academy of Art**

13-3643485    Page 3

**Part IV-A** Support Schedule (Complete only if you checked a box on line 10, 11, or 12.) Use cash method of accounting.

Note: You may use the worksheet in the instructions for converting from the accrual to the cash method of accounting.

| Calendar year (or fiscal year beginning in) ▶ | (a) 1996 | (b) 1995 | (c) 1994 | (d) 1993 | (e) Total |
|---|---|---|---|---|---|
| 15 Gifts, grants, and contributions received. (Do not include unusual grants. See line 28.) . . . . . . . . . . | N/A | | | | |
| 16 Membership fees received. . . . . . | | | | | |
| 17 Gross receipts from admissions, merchandise sold or services performed, or furnishing of facilities in any activity that is not a business unrelated to the organization's charitable, etc., purpose . . | | | | | |
| 18 Gross income from interest, dividends, amounts received from payments on securities (section 512(a)(5)), rents, royalties, and unrelated business taxable income (less section 511 taxes) from businesses acquired by the organization after June 30, 1975. . . . . . . . . . . . . . | | | | | |
| 19 Net income from unrelated business activities not included in line 18 . . . | | | | | |
| 20 Tax revenues levied for the organization's benefit and either paid to it or expended on its behalf . | | | | | |
| 21 The value of services or facilities furnished to the organization by a governmental unit without charge. Do not include the value of services or facilities generally furnished to the public without charge. . . . . . . . . | | | | | |
| 22 Other income. Attach a sch. Do not include gain or (loss) from sale of capital assets . . . . . . . . . . . . . . . | | | | | |
| 23 Total of lines 15 through 22 . . . . . | | | | | |
| 24 Line 23 minus line 17 . . . . . . . . . . | | | | | |
| 25 Enter 1% of line 23 . . . . . . . . . . | | | | | |

| | | |
|---|---|---|
| 26 Organizations described in lines 10 or 11: a Enter 2% of amount in column (e), line 24 . . . . . . . . . . N/A . . . . ▶ | 26a | |
| b Attach a list (which is not open to public inspection) showing the name of and amount contributed by each person (other than a governmental unit or publicly supported organization) whose total gifts for 1993 through 1996 exceeded the amount shown in line 26a. Enter the sum of all these excess amounts . . . . . . . . . . . . . . . . . . . . ▶ | 26b | |
| c Total support for section 509(a)(1) test: Enter line 24, column (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | 26c | |
| d Add: Amounts from column (e) for lines: 18 _____ 19 _____ 22 _____ 26b _____ . . . . . . . . . . . . ▶ | 26d | |
| e Public support (line 26c minus line 26d total) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | 26e | |
| f Public support percentage (line 26e (numerator) divided by line 26c (denominator)) . . . . . . . . . . . . . . ▶ | 26f | % |

27 Organizations described on line 12: a For amounts included in lines 15, 16, and 17 that were received from a "disqualified person," attach a list to show the name of, and total amounts received in each year from, each "disqualified person." Enter the sum of such amounts for each year:

N/A

(1996) _____ (1995) _____ (1994) _____ (1993) _____

b For any amount included in line 17 that was received from a nondisqualified person, attach a list to show the name of, and amount received for each year, that was more than the larger of (1) the amount on line 25 for the year or (2) $5,000. (Include in the list organizations described in lines 5 through 11, as well as individuals.) After computing the difference between the amount received and the larger amount described in (1) or (2), enter the sum of all these differences (the excess amounts) for each year:

(1996) _____ (1995) _____ (1994) _____ (1993) _____

| | | |
|---|---|---|
| c Add: Amounts from column (e) for lines: 15 _____ 16 _____ 17 _____ 20 _____ 21 _____ . . . . . . . . . ▶ | 27c | |
| d Add: Line 27a total . . _____ and line 27b total . . . . . . . _____ . . . . . . . . . ▶ | 27d | |
| e Public support (line 27c total minus line 27d total) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | 27e | |
| f Total support for section 509(a)(2) test: Enter amount on line 23, column (e) . . . . . . . . . ▶ 27f $ | | |
| g Public support percentage (line 27e (numerator) divided by line 27f (denominator)) . . . . . . . . . . ▶ | 27g | % |
| h Investment income percentage (line 18, column (e) (numerator) divided by line 27f (denominator)) . . . . . . . . ▶ | 27h | % |

28 **Unusual Grants:** For an organization described in line 10, 11, or 12 that received any unusual grants during 1993 through 1996, attach a list (which is not open to public inspection) for each year showing the name of the contributor, the date and amount of the grant, and a brief description of the nature of the grant. Do not include these grants in line 15. (See instructions on page 4.)  N/A

The Graduate School Of Figurative Art of

Schedule A (Form 990) 1997 The New York Academy of Art                    13-3643485    Page 4

**Part V**  Private School Questionnaire (See instructions on page 4.)
(To be completed ONLY by schools that checked the box on line 6 in Part IV)

|  |  | Yes | No |
|---|---|---|---|
| 29 | Does the organization have a racially nondiscriminatory policy toward students by statement in its charter, bylaws, other governing instrument, or in a resolution of its governing body? .................................................................... **29** | X |  |
| 30 | Does the organization include a statement of its racially nondiscriminatory policy toward students in all its brochures, catalogues, and other written communications with the public dealing with student admissions, programs, and scholarships? ............. **30** | X |  |
| 31 | Has the organization publicized its racially nondiscriminatory policy through newspaper or broadcast media during the period of solicitation for students, or during the registration period if it has no solicitation program, in a way that makes the policy known to all parts of the general community it serves? ....................................................................... **31** | X |  |

If "Yes," please describe. (If you need more space, attach a separate statement.)
  Place a statement of nondiscriminatory policy in advertisements,
  school catalogue, faculty handbook and orientation handbook.

| 32 | Does the organization maintain the following: |  |  |  |
|---|---|---|---|---|
| a | Records indicating the racial composition of the student body, faculty, and administrative staff? ........................... | **32a** | X |  |
| b | Records documenting that scholarships and other financial assistance are awarded on a racially nondiscriminatory basis? ......... | **32b** | X |  |
| c | Copies of all catalogues, brochures, announcements, and other written communications to the public dealing with student admissions, programs, and scholarships? ........................................................................ | **32c** | X |  |
| d | Copies of all material used by the organization or on its behalf to solicit contributions? ........................................ | **32d** | X |  |

If you answered "No" to any of the above, please explain. (If you need more space, attach a separate statement.)

| 33 | Does the organization discriminate by race in any way with respect to: |  |  |  |
|---|---|---|---|---|
| a | Students' rights or privileges? ........................................................................................ | **33a** |  | X |
| b | Admissions policies? ................................................................................................. | **33b** |  | X |
| c | Employment of faculty or administrative staff? .......................................................................... | **33c** |  | X |
| d | Scholarships or other financial assistance? ............................................................................. | **33d** |  | X |
| e | Educational policies? ................................................................................................ | **33e** |  | X |
| f | Use of facilities? .................................................................................................... | **33f** |  | X |
| g | Athletic programs? ................................................................................................... | **33g** |  | X |
| h | Other extracurricular activities? ....................................................................................... | **33h** |  | X |

If you answered "Yes" to any of the above, please explain. (If you need more space, attach a separate statement.)

| 34a | Does the organization receive any financial aid or assistance from a governmental agency? ................................ | **34a** |  | X |
| b | Has the organization's right to such aid ever been revoked or suspended? ................................................. | **34b** |  | X |

If you answered "Yes" to either 34a or b, please explain using an attached statement.

| 35 | Does the organization certify that it has complied with the applicable requirements of sections 4.01 through 4.05 of Rev. Proc. 75–50, 1975–2 C.B. 587, covering racial nondiscrimination? If "No," attach an explanation .................................. | **35** | X |  |

The Graduate School Of Figurative Art of
Schedule A (Form 990) 1997    The New York Academy of Art    13-3643485    Page 5

**Part VI-A** — **Lobbying Expenditures by Electing Public Charities** (See instructions on page 6.)    N/A
(To be completed ONLY by an eligible organization that filed Form 5768)

Check here ▶ **a** ☐ If the organization belongs to an affiliated group.
Check here ▶ **b** ☐ if you checked "a" above and "limited control" provisions apply.

| Limits on Lobbying Expenditures<br>(The term "expenditures" means amounts paid or incurred.) | | (a)<br>Affiliated group<br>totals | (b)<br>To be completed<br>for ALL electing<br>organizations |
|---|---|---|---|
| 36 | Total lobbying expenditures to influence public opinion (grassroots lobbying) . . . . . . . . . . . . . . . . . | 36 | | |
| 37 | Total lobbying expenditures to influence a legislative body (direct lobbying). . . . . . . . . . . . . . . . . . . | 37 | | |
| 38 | Total lobbying expenditures (add lines 36 and 37) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 38 | | |
| 39 | Other exempt purpose expenditures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 39 | | |
| 40 | Total exempt purpose expenditures (add lines 38 and 39) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 40 | | |
| 41 | Lobbying nontaxable amount. Enter the amount from the following table - | | | |

If the amount on line 40 is -                                  The lobbying nontaxable amount is -
Not over $500,000 . . . . . . . . . . . . . . . . . . . . . 20% of the amount on line 40 . . . . . . . . . . . . . .
Over $500,000 but not over $1,000,000 . . . . $100,000 plus 15% of the excess over $500,000 . }
Over $1,000,000 but not over $1,500,000. . . . $175,000 plus 10% of the excess over $1,000,000  } **41**
Over $1,500,000 but not over $17,000,000. . . . $225,000 plus 5% of the excess over $1,500,000 . }
Over $17,000,000 . . . . . . . . . . . . . . . . . . . . . . $1,000,000 . . . . . . . . . . . . . . . . . . . . . . . . . . }

| 42 | Grassroots nontaxable amount (enter 25% of line 41) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 42 | | |
| 43 | Subtract line 42 from line 36. Enter -0- if line 42 is more than line 36. . . . . . . . . . . . . . . . . . . . . . | 43 | | |
| 44 | Subtract line 41 from line 38. Enter -0- if line 41 is more than line 38. . . . . . . . . . . . . . . . . . . . . . | 44 | | |

**Caution:** If there is an amount on either line 43 or line 44, file Form 4720.

### 4-Year Averaging Period Under Section 501(h)

(Some organizations that made a section 501(h) election do not have to complete all of the five columns below.
See the instructions for lines 45 through 50 on page 7.)

| Calendar year<br>(or fiscal year beginning in) ▶ | Lobbying Expenditures During 4-Year Averaging Period | | | | |
|---|---|---|---|---|---|
| | (a)<br>1997 | (b)<br>1996 | (c)<br>1995 | (d)<br>1994 | (e)<br>Total |
| 45  Lobbying nontaxable amount . . . . | | | | | |
| 46  Lobbying ceiling amount<br>(150% of line 45(e)). . . . . . . . . . . | | | | | |
| 47  Total lobbying expenditures . . . . . | | | | | |
| 48  Grassroots nontaxable amount . . . | | | | | |
| 49  Grassroots ceiling amount<br>(150% of line 48(e)). . . . . . . . . . . | | | | | |
| 50  Grassroots lobbying expenditures. | | | | | |

**Part VI-B** — **Lobbying Activity by Nonelecting Public Charities** N/A
(For reporting only by organizations that did not complete Part VI-A) (See instructions on page 7.)

During the year, did the organization attempt to influence national, state or local legislation, including any attempt to
influence public opinion on a legislative matter or referendum, through the use of:

| | | Yes | No | Amount |
|---|---|---|---|---|
| a | Volunteers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| b | Paid staff or management (Include compensation in expenses reported on lines c through h.) . . . . . . . . . . | | | |
| c | Media advertisements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| d | Mailings to members, legislators, or the public . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| e | Publications, or published or broadcast statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| f | Grants to other organizations for lobbying purposes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| g | Direct contact with legislators, their staffs, government officials, or a legislative body . . . . . . . . . . . . | | | |
| h | Rallies, demonstrations, seminars, conventions, speeches, lectures, or any other means . . . . . . . . . . | | | |
| i | Total lobbying expenditures (add lines c through h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |

If "Yes" to any of the above, also attach a statement giving a detailed description of the lobbying activities.

The Graduate School Of Figurative Art of
Schedule A (Form 990) 1997 The New York Academy of Art                    13-3643485          Page 6

**Part VII** Information Regarding Transfers To and Transactions and Relationships With Noncharitable
Exempt Organizations

51  Did the reporting organization directly or indirectly engage in any of the following with any other organization described in section 501(c)
of the Code (other than section 501(c)(3) organizations) or in section 527, relating to political organizations?

a  Transfers from the reporting organization to a noncharitable exempt organization of:

|   |   | Yes | No |
|---|---|---|---|
| (i) Cash .................................................................................................. | **51a(i)** | | X |
| (ii) Other assets .......................................................................................... | **a(ii)** | | X |
| b Other transactions: | | | |
| (i) Sales of assets to a noncharitable exempt organization................................................ | **b(i)** | | X |
| (ii) Purchases of assets from a noncharitable exempt organization....................................... | **b(ii)** | | X |
| (iii) Rental of facilities or equipment........................................................................ | **b(iii)** | | X |
| (iv) Reimbursement arrangements........................................................................... | **b(iii)** | | X |
| (v) Loans or loan guarantees.............................................................................. | **b(iv)** | | X |
| (vi) Performance of services or membership or fundraising solicitations .................................. | **b(v)** | | X |
| c Sharing of facilities, equipment, mailing lists, other assets, or paid employees ......................... | **c** | | X |

d  If the answer to any of the above is "Yes," complete the following schedule. Column (b) should always show the fair market value
of the goods, other assets, or services given by the reporting organization. If the organization received less than fair market value
in any transaction or sharing arrangement, show in column (d) the value of the goods, other assets, or services received.

| (a) Line no. | (b) Amount involved | (c) Name of noncharitable exempt organization | (d) Description of transfers, transactions, and sharing arrangements |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

52a Is the organization directly or indirectly affiliated with, or related to, one or more tax-exempt organizations described in section 501(c)
of the Code (other than section 501(c)(3)) or in section 527? ..........................................................  ▶ ☐ Yes  ☒ No

b  If "Yes," complete the following schedule.

| (a) Name of organization | (b) Type of organization | (c) Description of relationship |
|---|---|---|
| N/A | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**1997**

Client 3130·

**Federal Statements**
The Graduate School Of Figurative Art of
The New York Academy of Art

**Page 4**

13-3643485

Statement 2
Form 990, Part II, Line 43
Other Expenses

| Other Expenses | (A) Total | (B) Program Services | (C) Management & General | (D) Fundraising |
|---|---|---|---|---|
| Student Aid & Svcs | $ 152,095 | 152,095 | | |
| Model Fees | 56,026 | 56,026 | | |
| Outside Labor | 56,264 | 56,264 | | |
| Library | 77,251 | 77,251 | | |
| Consulting Fees | 8,252 | | 8,252 | |
| Honoraria & Lecturers | 5,175 | 5,175 | | |
| Insurance | 19,099 | 8,350 | 10,749 | |
| Credit Card Charges | 6,364 | | 6,364 | |
| Payroll Processing | 2,987 | | 2,987 | |
| Messengers | 992 | | 992 | |
| Bank Charges | 490 | | 490 | |
| Loss on donated property | 2,025 | | 2,025 | |
| Office Expense | 21,006 | | 21,006 | |
| Miscellaneous | 12,989 | | 12,989 | |
| Repairs & Maintenance | 15,999 | | 15,999 | |
| Other Fundraising Costs | 75,234 | | | 75,234 |
| Allocated Rental Expenses | -54,935 | | -47,961 | -6,974 |
| Other Professional Fees | 2,812 | | 2,812 | |
| Legal Settlement | 314,000 | | 314,000 | |
| Total | $ 774,125 | 355,161 | 350,704 | 68,260 |

Statement 3
Form 990, Part IV, Line 57
Land, Buildings, and Equipment

| Asset | Basis | Accumulated Depreciation | Book Value |
|---|---|---|---|
| Furniture and fixtures | $ 30,469 | 5,537 | 24,932 |
| Machinery and equipment | 152,660 | 109,323 | 43,337 |
| Buildings | 1,317,845 | 148,257 | 1,169,588 |
| Improvements | 1,271,482 | 248,860 | 1,022,622 |
| Land | 329,461 | | 329,461 |
| Total | $ 3,101,917 | 511,977 | 2,589,940 |

| 1997 | **Federal Statements** | **Page 5** |
|---|---|---|
| Client 3130 | The Graduate School Of Figurative Art of<br>The New York Academy of Art | 13-3643485 |

**Statement 4**
**Form 990, Part IV, Line 58**
**Other Assets**

|  | Ending |
|---|---|
| Deferred Mortgage Expenses ................................... $ | 21,152 |
| Donated Assets .............................................. | 229,400 |
| Rounding ................................................... | 1 |
| Total $ | 250,553 |
|  | ============ |

**Statement 5**
**Form 990, Part IV, Line 64b**
**Mortgages and Other Notes Payable**

Mortgages Payable
-----------------

|  | Balance Due |
|---|---|
| Marine Midland Bank | $ 838,915 |
| Marine Midland Bank | 118,000 |
|  | ----------- |
|  | $ 956,915 |

Other Notes Payable
-------------------

| Lender's Name: | The Lindbury Trust |
| Date of Note: | 8/01/93 |
| Maturity Date: | 8/01/03 |
| Repayment Terms: | None |
| Interest Rate: | 6.5% |
| Purpose of Loan: | Working Capital |
| Original Amount: | 100,000 |
| Balance Due: | $ 100,000 |

| Lender's Name: | The Lindburt trust |
| Date of Note: | 12/01/93 |
| Maturity Date: | 12/01/03 |
| Repayment Terms: | None |
| Interest Rate: | 6.5% |
| Purpose of Loan: | Working Capital |
| Original Amount: | 100,000 |
| Balance Due: | 100,000 |

| Lender's Name: | The Lindbury Trust |

**1997**
Client 3130

# Federal Statements
The Graduate School Of Figurative Art of
The New York Academy of Art

**Page 6**

13-3643485

**Statement 5 (Continued)**
**Form 990, Part IV, Line 64b**
**Mortgages and Other Notes Payable**

Other Notes Payable
-------------------

| | |
|---|---|
| Date of Note: | 2/01/94 |
| Maturity Date: | 2/01/04 |
| Repayment Terms: | None |
| Interest Rate: | 6.5% |
| Purpose of Loan: | Working Capital |
| Original Amount: | 150,000 |
| Balance Due: | |

$      150,000

| | |
|---|---|
| Lender's Name: | Michael Baum |
| Date of Note: | 8/01/98 |
| Maturity Date: | 4/01/00 |
| Repayment Terms: | Monthly |
| Original Amount: | 100,000 |
| Balance Due: | |

100,000
-----------
$      450,000
-----------

Total    $    1,406,915
===========

**Statement 6**
**Form 990, Part IV, Line 65**
**Other Liabilities**

Ending
-----------

| | |
|---|---|
| Deferred Interest Payable ...................................................... | $      113,854 |
| Deferred Rental Income ........................................................ | 12,000 |
| Unearned Tuition Income ....................................................... | 76,859 |

Total    $      202,713
===========

| Form **2758**<br>(Rev. May 1996)<br>Department of the Treasury<br>Internal Revenue Service | **Application for Extension of Time To File<br>Certain Excise, Income, Information, and Other Returns**<br>► File a separate application for each return. | JAN 4 1999<br>OMB No. 1545-0148 |

► File a separate application for each return.

| Please type or print. File the original and one copy by the due date for filing your return. See instructions on back. | Name THE GRADUATE SCHOOL OF FIGURATIVE ART OF THE NEW YORK ACADEMY OF ART | Employer identification number |
|---|---|---|
| | Number, street, and room or suite no. (or P.O. box no. If mail is not delivered to street address)<br>111 Franklin Street | 13-3643485 |
| | City, town or post office, state, and ZIP code. For a foreign address, see instructions.<br>New York, NY 10013 | 021699 |

**Note:** Corporate income tax return filers must use Form 7004 to request an extension of time to file. Partnerships, REMICs, and trusts must use Form 8736 to request an extension of time to file Form 1065, 1066, or 1041.

**1** I request an extension of time until **2/15**, 19**99** to file (check only one):

- [ ] Form 706-GS(D)
- [ ] Form 706-GS(T)
- [x] Form 990 or 990-EZ
- [ ] Form 990-BL
- [ ] Form 990-PF

- [ ] Form 990-T (401(a) or 408(a) trust)
- [ ] Form 990-T (trust other than above)
- [ ] Form 1041 (estate) (see instructions)
- [ ] Form 1041-A
- [ ] Form 1042

- [ ] Form 1120-ND (4951 taxes)
- [ ] Form 3520-A
- [ ] Form 4720
- [ ] Form 5227
- [ ] Form 6069

- [ ] Form 8612
- [ ] Form 8613
- [ ] Form 8725
- [ ] Form 8804
- [ ] Form 8831

If the organization does not have an office or place of business in the United States, check this box ► [ ]

**2a** For calendar year 19_____, or other tax year beginning **7/1/97** and ending **6/30/98** ► [ ]

**b** If this tax year is for less than 12 months, check reason: [ ] Initial return  [ ] Final return  [ ] Change in accounting period

**3** Has an extension of time to file been previously granted for this tax year?

**4** State in detail why you need the extension **All necessary information not yet received by organization** ............................................ [ ] Yes [x] No

**5a** If this form is for Form 706-GS(D), Form 706-GS(T), 990-BL, 990-PF, 990-T, 1041 (estate), 1042, 1120-ND, 4720, 6069, 8612, 8613, 8725, 8804, or 8831, enter the tentative tax, less any nonrefundable credits. See instructions ...... $ **0**

**b** If this form is for Form 990-PF, 990-T, 1041 (estate), 1042, or 8804, enter any refundable credits and estimated tax payments made. Include any prior year overpayment allowed as a credit ..................... $ **0**

**c** **Balance due.** Subtract line 5b from line 5a. Include your payment with this form, or deposit with FTD coupon if required. See instructions ....................................................... $ **0**

**Signature and Verification**

Under penalties of perjury, I declare that I have examined this form, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete; and that I am authorized to prepare this form.

Signature ► _Robert Zipper CPA_  Title ► _Acct._  Date ► **11-13-98**

**FILE ORIGINAL AND ONE COPY.** The IRS will show below whether or not your application is approved and will return the copy.

**Notice to Applicant – To Be Completed by the IRS**

- [x] We **HAVE** approved your application. Please attach this form to your return.
- [ ] We **HAVE NOT** approved your application. However, we have granted a 10-day grace period from the later of the date shown below or the due date of your return (including any prior extensions). This grace period is considered to be a valid extension of time for elections otherwise required to be made on a timely return. Please attach this form to your return.
- [ ] We **HAVE NOT** approved your application. After considering the reasons stated in item 4, we cannot grant your request for an extension of time to file. We are not granting the 10-day grace period.
- [ ] We cannot consider your application because it was filed after the due date of the return for which an extension was requested.
- [ ] Other: _____

Director _____  By: _____  Date _____

_EXTENSIONS APPROVED_ (stamp)

If you want a copy of this form to be returned to an address other than that shown above, please enter the address to which the copy should be sent.

| Please Type or Print | Name<br>Greve Schmidt & Trageser CPA PC |
|---|---|
| | Number, street, and room or suite no. (or P.O. box no. If mail is not delivered to street address)<br>485 Jericho Tpke |
| | City, town or post office, state, and ZIP code. For a foreign address, see instructions.<br>Mineola, NY 11501 |

_EXTENSIONS APPROVED_<br>_DEC 1 8 1998_ (stamp)

KFA  **For Paperwork Reduction Act Notice, see back of form.**

DEBORAH DECKER, DIRECTOR<br>OGDEN SERVICE CENTER

**Exhibit  F**

**The First Manhattan Group Inc.**
**20 West 20th Street 2nd Floor**
**New York, New York 10011**
**212-822-8526 (Fax) 212-686-4434**

## EMPLOYMENT CONTRACT

This Employment Agreement (The Agreement) Dated May 20, 2003 is between The New York Academy of Art (The Academy) 111 Franklin Street, New York, New York 10013 an Educational Corporation chartered under the laws of the State of New York, and The First Manhattan Group Inc. 20 West 20th Street New York, New York 10011 (The Group) a Corporation formed under the laws of the State of New York..

**1: Parties to the Agreement:** The Academy will employ, and the Group will assign Robert Angona (Angona) to perform the services under the terms and conditions outlined below.

**2: Employment Period:** The Academy hereby agrees to employ and continue to employ Angona through the Group, and Angona through the assignment of the Group accepts such employment for a period of (24) Twenty Four Months **Effective July 1, 2003 to June 30, 2005.**

**3: Duties:** Angona during the period of Employment Shall serve as Controller of the Academy, and perform such services and such other services at the direction of the Executive Director and the Board of Trustees as are consistent with the policy's and By-Laws of the Academy and are typically performed by the Controller of Institutions similar to the Academy.

**4: Full Time Employment:** Angona agrees to devote his full professional Time to the business and affairs of the Academy and perform faithfully the responsibilities assigned to him, except that Angona may engage in work and professional activities for which he may receive fees or remuneration , so long as these activities are unrelated to the Academy and do not materially impact or interrupt Angona's duties to the Academy. It is understood that Angona shall spend the aggregate of no more than 60 days per annum away from the Academy on such activities. Angona in performing such duties will not engage and the Academy, Its Officers, or Trustees will not cause Angona to perform any act that Angona deems as contrary or in violation of any Accounting Standard, Rule or Laws. In addition Angona may serve on Corporate, and Civic Boards and Committees.

EX-A



## 5: Compensation:

**(A) Base Fees:** During the period of employment the Academy shall pay to the Group the Sum of One Hundred Twenty Five Thousand Dollars (**$125,000.00** for the First Year, July 1, 2003 through June 30, 2004. The group shall Invoice the Academy on the First (1st) and the Fifteenth (15th) day of each Month in the Amount of $5,208.34 and the Academy shall pay the Group upon receipt of the invoice. During the period of employment the Academy shall pay a 5% increase or $131,250.00 for the second year July 1, 2004 through June 30, 2005. The Group shall invoice the Academy on the First (1st) and Fifteenth (15th) day of each month in the amount of $5,468.75. The Academy shall pay the Group upon receipt of the invoice.

**(B) Benefits:** During the period of employment Angona shall be eligible to participate in, subject the terms and conditions thereof, all pension, medical, dental, Group Life Insurance, and Bonus Programs of the Academy. Angona shall be given credit for time previously worked at the Academy from February 15, 2002 to satisfy any time requirement for participation in such programs. Angona shall be entitled to Two weeks Vacation, Five Sick Days and Five Personal days per year during the period of Employment.

**(C) Expenses:** During the period of employment Angona shall be entitled to receive prompt reimbursement for all expenses incurred by him.

## 6: Termination of Employment.

**(A) Termination by the Academy:** This Agreement shall terminate on June 30, 2005 or at which time as the services of Angona and/or the Group are without purpose, in which case all compensation under Section 5 will become due and payable.

**(B) Termination by Mutual Agreement.** This Agreement may terminate upon mutual agreement upon which Angona and/or the Group will be paid in one lump sum Angona's then current Base Salary for the remainder of the contract term together with an amount equal to 10% of the remaining contract amount.

**(C) Termination Due to Death or Disability:** This Agreement shall terminate automatically upon Angona's Death or Disability, in which case the Academy shall pay to Angona and/or the Group in one lump sum Angona,s current Base Salary for the remainder of the Contract term or twelve (12) months, whichever is longer. For purpose of this Agreement, Angona,s disability shall occur and shall be deemed to have occurred in the event that he suffers a disability due to illness or injury which substantially and materially limits him from performing the function of his job, even with reasonable accommodation.

(D) **Termination by Angona for Good Cause:** Angona shall have the right to terminate his employment for "Good Cause". For the purpose of this agreement "Good Cause." Shall mean: (1) The assignment to Angona by the Academy of any duties materially inconsistent with or the diminution of Angona's positions, titles, offices, duties and responsibilities with the Academy; (2) a reduction by the Academy in the Angona,s base salary or any other compensation provided for in this Agreement; (3) the failure by the Academy to continue in effect any material benefit or compensation plan to which Angona is entitled; (4) the failure of the Academy to obtain the explicit assumption in writing of its obligation to perform this Agreement by any successor in the event of a change of control or merger or dissolution; (5) a change of Angona,s place of employment from New York County, New York without Angona's written consent; (6) acts or request by the Academy that Angona and/or the Group deems as contrary or in violation of any Accounting Professional Rule or Laws or; (7) any other material and adverse change in Angona's conditions of employment imposed on him by the Academy. In the event of Termination by Angona for Good Cause the Academy shall pay to Angona and/or the Group in one lump sum Angona's then current Base Salary for the remainder of the Contract Term or Twelve (12) Months, whichever is longer together with an amount equal to 10% of the remainining contract amount, following Angona's actual separation date, as well as any then accrued portion of Angona,s Benefits.

Upon termination of this Agreement for any reason provided above; in addition to the above payments if any, Angona shall be entitled to receive all compensation earned and all benefits and reimbursements due through the effective date of termination. In addition, in the event of termination of this Agreement pursuant to Paragraphs 6(A), 6(C), or 6(D), Angona's participation (including participation of spouse and/or children if applicable) in all benefit programs established by the Academy shall continue as before termination during the period for which the Base Salary is required to be paid by the Academy pursuant to such paragraphs, as if Angona continued to be employed by the Academy during such period. In the event any such benefit program is by law not available to non-employees, the Academy will provide a compensation benefit to Angona during such period. All other rights and obligations of the Academy and Angona under this Agreement shall cease as of the effective date of termination.

The parties hereto having full power and authority to execute this Agreement have on this 20th Day of  May 2003  set their signatures below.

The New York Academy of Art.          The First Manhattan Group Inc.

By: _____           By: _____
Stephen Farthing, Executive Director        Shirly Allyn, Secretary/Treasurer

                                       By: _____
                                       Robert Angona,  (Individually)

**Exhibit  G**