SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:        PART 41
------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,    :

                -against-    : Indictment Number 2331/04

ROBERT ANGONA,                          :
                                Decision & Order

                Defendant.      :
------------------------------------x
ZWEIBEL, J.:

      Defendant Robert Angona, pursuant to CPL 440.20(1), moves to set aside a sentence of this Court, rendered October 29, 2004, sentencing him, as a second felony offender, to a term of from 4 to 8 years incarceration upon his conviction, pursuant to his plea of guilty, to Grand Larceny in the Second Degree (Penal Law § 155.40[1]). In the instant motion, defendant claims that he has cancer, which has worsened since being incarcerated. Defendant claims that his physical condition has worsened since being incarcerated partly because of a lack of medical evaluation and treatment at the facilities defendant was placed in. He asks this Court to vacate his sentence because (1) he entered a plea without full knowledge and understanding of his current condition of health; (2) that the Court sentenced defendant without full knowledge and understanding of his current condition of health; (3) that defendant was denied his right to testify before the Grand Jury in violation of CPL § 190.50; and (4) the Court's sentence was unduly harsh in light of defendant's current state of health. The People oppose the motion, arguing that defendant's claims lack any legal merit.

      Defendant's motion to vacate his sentence pursuant to CPL 440.20 is denied as the sentence imposed was authorized, legally imposed and

otherwise valid as a matter of law (see People v. Rosenthal, 305 A.D.2d 327 [1st Dept. 2003]). Defendant, however, fails to allege any of the grounds specified in CPL § 440.20 in his papers, but rather, he merely sets forth bare conclusory allegations that he is entitled to have his sentence vacated in light of his current health problems and because his CPL 190.50 rights were violated.[1] Defendant is mistaken.

Defendant pled guilty to second degree Grand Larceny, a Class C felony offense. Penal Law § 70.06 (3)(c) states that the maximum sentence for a second felony offender for a Class C felony offender must be at least six years and not exceed fifteen years. Penal Law § 70.06 (4(b) states that minimum sentence for a second felony offender for a Class C felony offender must be set at least one-half of the maximum. Defendant was sentenced to four to eight years incarceration. Not only is defendant's sentence in full compliance with the Penal Law, it is substantially less then the maximum sentence that defendant could have received (see People v. Kehn, 109 A.D.2d 912 [3rd Dept. 1985]; People v. Pierce, 51 A.D.2d 634 [3rd Dept. 1976]).

The Court notes that defendant's state of poor health and the Court's knowledge of it is not relevant for a CPL 440.20 as defendant's health has nothing to do with whether the sentence is authorized, legal and otherwise valid. Defendant's claims that his sentence was harsh or excessive should be raised on direct appeal, not in a CPL 440.20 motion (see People v. Escobales, 146 Misc.2d 573 [Sup.

---

[1] The Court notes that this is the first time defendant is complaining about a violation of his CPL § 190.50 rights.

Ct Bx. Co. 1990] and cases cited therein).

The Court notes that a review of the plea minutes, annexed to the People's December 5, 2005 Affirmation in Response to the Defendant's Motion Pursuant to CPL Sec. 440.20 as Exhibit A, reflects that defendant's plea was entered knowingly and voluntarily, with a clear understanding of the sentence to be imposed (see People v. Stevens, 140 A.D.2d 741 [3rd Dept.], app. denied 72 N.Y.2d 925 [1988]; People v. Ferrante, 107 A.D.2d 846 [3rd Dept. 1985]). The plea minutes establishes that defendant indicated that he was entering his plea of his own free will; that he was not under the influence of any drugs or medications at the time of his plea; that he discussed the case and his plea with his attorney and that he had sufficient time to throughly discuss his decision to plead guilty with his attorney.

Moreover, as the People argue, defendant was 64 years old at the time he entered the underlying guilty plea and it is not unforeseeable that an individual of that age could face serious health conditions, which may not be evident at the time of his plea. In any event, the mere fact that defendant suffers from cardiac arrest and an advanced stage of cancer is not, in and of itself, a ground for reducing or setting aside an otherwise appropriate legal and bargained-for sentence which was imposed (see People v. Clark, 176 A.D.2d 1206 [4th Dept. 1991], app. denied 79 N.Y.2d 854 [1992]; People v. Napolitano, 138 A.D.2d 414 [2nd Dept. 1988]). Additionally, defendant has not proven that he has not, or that he cannot, obtain the proper medical treatment while incarcerated but presented only hearsay and conjecture on this question. Thus, there is no legal basis for defendant's

motion.

Similarly, defendant's claim that he was denied his opportunity to testify before the Grand Jury is similarly meritless. Defendant was arraigned on the indictment filed in this case on May 17, 2004. The instant motion is the first time defendant has claimed a violation of his CPL § 190.50 right to testify before the Grand jury. CPL § 190.50 gives a defendant five days from the time of his arraignment on an indictment to claim a violation of his right to testify before the Grand Jury. One and a half years is to long to wait to complain about a CPL § 190.50 violation and his current complaint is untimely.

Accordingly, the motion to set aside defendant's sentence pursuant to CPL 440.20 is denied in its entirety.

This constitutes the decision and order of this Court.

ENTER:

Ronald A. Zweibel, J.S.C.

Dated: January 17, 2006