UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN R. BLUMATTE, a/k/a ROBERT ANGONA, a/k/a JOHN BLUE,<br><br>*Plaintiff,*<br><br>-against-<br><br>GERARD QUINN, DONALD ROGERS, STEPHEN FARTHING, RANDOLPH LERNER, JR., DAVID LEVINSON, RUSSELL WILKINSON, EILEEN GUGGENHEIM, ROBERT BOLANDIAN, CHRISTOPHER FORBES, MARGOT GORDON, ROLAND GRYBAUSKAS, LUDWIG KUTTNER, DOUGLAS OLIVER, DAVID SCHAFER, DENNIS SMITH, THE GRADUATE SCHOOL OF FIGURATIVE ART OF THE NEW YORK ACADEMY OF ARTS, and JEFFREY C. SLADE,<br><br>*Defendants.* | No. 2007 Civ. 2944 (JSR) |

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE AMENDED COMPLAINT BY DEFENDANTS STEPHEN FARTHING, RANDOLPH LERNER, JR., DAVID LEVINSON, RUSSELL WILKINSON, EILEEN GUGGENHEIM, ROBERT BOLANDIAN, CHRISTOPHER FORBES, MARGOT GORDON, ROLAND GRYBAUSKAS, LUDWIG KUTTNER, DOUGLAS OLIVER, DAVID SCHAFER, DENNIS SMITH, THE GRADUATE SCHOOL OF FIGURATIVE ART OF THE NEW YORK ACADEMY OF ART**

---

SCHLAM STONE & DOLAN LLP
Bennette D. Kramer (BK-1269)
Andrew S. Harris (AH-9673)
26 Broadway
New York, New York 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677

August 21, 2007

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii-iii

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT.................................................................................................................................2

I.     PLAINTIFF'S CLAIM FOR FRAUD MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD RELIANCE ......................................................2

II.    PLAINTIFF IS BOUND BY HIS GUILTY PLEA AND CANNOT COLLATERALLY ATTACK THE VALIDITY OF HIS INDICTMENT .........................4

III.   THE AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM ...........................5

IV.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 1983.................7

        A.     Plaintiff Fails to State a Section 1983 Claim for Abuse of Process. .......................7

        B.     Plaintiff Fails To Show the Academy Defendants Are State Actors......................9

V.    THE BREACH OF CONTRACT CLAIM MUST BE DISMISSED .................................9

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Anza v. Ideal Steel Supply Corp.*,
   126 S. Ct. 1991 (2006) .................................................................................................... 5, 6

*Bernstein v. City of New York*,
   No. 06 Civ. 895 (RMB), 2007 WL 1573910 (S.D.N.Y. May 24, 2007) ............................ 7

*Gramenos v. Jewel Companies, Inc.*,
   797 F.2d 432 (7th Cir. 1986) ............................................................................................ 9

*Granato v. City of New York*,
   98 Civ. 667 (ILG), 1999 WL 1129611 (E.D.N.Y. Oct. 18, 1999) .................................... 8

*Grayes v. DiStasio*,
   166 A.D.2d 261, 560 N.Y.S.2d 636 (1st Dep't 1990) ...................................................... 5

*Harvey v. Comby*,
   245 A.D. 318, 280 N.Y.S. 958 (2d Dep't 1935) ............................................................... 4

*Hecht v. Commerce Clearing House, Inc.*,
   897 F.2d 21 (2d Cir. 1990) ............................................................................................... 6

*Holmes v. Sec. Investor Prot. Corp.*,
   503 U.S. 258 (1992) ......................................................................................................... 6

*Jones v. J.C. Penny's Dep't Stores, Inc.*,
   No. 03 CV 920A, 2007 WL 1577758 (W.D.N.Y. May 31, 2007) ................................... 8

*Jovanovic v. City of New York*,
   No. 04 Civ. 8437 (PAC), 2006 WL 2411541 (S.D.N.Y. Aug. 17, 2006) ...................... 7, 8

*Krebs v. United States*,
   No. 98 Civ. 2590 (MBM), 1999 WL 185263 (S.D.N.Y. Mar. 31, 1999) ......................... 7

*Lopez v. City of New York*,
   901 F. Supp. 684 (S.D.N.Y. 1995) ................................................................................... 8

*Maldonado v. Pharo*,
   940 F. Supp. 51 (S.D.N.Y. 1996) ..................................................................................... 7

*Morales v. United States*,
   961 F. Supp. 633 (S.D.N.Y. 1997) ................................................................................... 8

*New York City Transit Auth. v. Morris J. Eisen, P.C.*,
   276 A.D.2d 78, 715 N.Y.S.2d 232 (1st Dep't. 2000) ............................................................. 3

*Newin Corp. v. Hartford Accident & Indem. Co.*,
   37 N.Y.2d 211, 371 N.Y.S.2d 884 (1975) ............................................................................... 3

*Olsson v. MacDonald*,
   16 A.D.3d 1017, 792 N.Y.S.2d 250 (3d Dep't 2005) ............................................................. 5

*People v. Hansen*,
   95 N.Y.2d 227, 715 N.Y.S.2d 369 (2000) ............................................................................... 4

*Pierre-Antoine v. City of New York*,
   No. 04 Civ. 6987 (GEL), 2006 WL 1292076 (S.D.N.Y. May 9, 2006) .................................. 8

*Ross v. Preston*,
   292 N.Y. 433 (1944) ................................................................................................................ 3

*Ross v. Wood*,
   70 N.Y. 8 (1877) ...................................................................................................................... 3

*Scheiner v. Wallace*,
   No. 93 Civ. 0062 (RWS), 1996 WL 633418 (S.D.N.Y. Oct. 31, 1996) .................................. 8

*Stevens v. Metro. Transp. Auth. Police Dep't*,
   293 F. Supp. 2d 415 (S.D.N.Y. 2003) .................................................................................... 8

*Verplanck v. Van Buren*,
   76 N.Y. 247 (1879) ......................................................................................................... 2, 3, 4

*Ward v. Town of Southfield*,
   102 N.Y. 287 (1886) ................................................................................................................ 3

## RULES AND STATUTES

Rule 9(b) ........................................................................................................................................ 7
Rule 12(b)(6) ................................................................................................................................. 1

18 U.S.C. § 1964(c) ....................................................................................................................... 5
42 U.S.C. § 1983 ........................................................................................................................ 2, 7

Defendants Stephen Farthing, Randolph Lerner, Jr., David Levinson, Russell Wilkinson, Eileen Guggenheim, Robert Bolandian, Christopher Forbes, Margot Gordon, Roland Grybauskas, Ludwig Kuttner, Douglas Oliver, David Schafer, Dennis Smith (collectively, the "Academy Defendants") and the Graduate School of Figurative Art of The New York Academy of Art (the "Academy") submit this reply memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint ("Complaint")[1] pursuant to Rule 12(b)(6) for failure to state a claim.

The Academy Defendants and the Academy rely on the arguments set forth in their Opening Brief. The arguments set forth below are intended to supplement those arguments.

## PRELIMINARY STATEMENT

The Amended Complaint was drafted after Plaintiff had received the first motion to dismiss by the Academy and the Academy Defendants, pointing out the many deficiencies in the original complaint. Yet the Amended Complaint is virtually identical to the first and as fatally flawed.

Plaintiff, a career criminal who knowingly violated his federal probation, blames everyone else for his incarceration, brushing aside his use of an alias when working at the Academy to avoid detection of his probation violation. Plaintiff claims that his arrest and conviction for stealing from the Academy arose from false accusations against him, even though his two guilty pleas were the only basis for that conviction. Even more bizarrely, he blames his incarceration for violation of probation on Defendants because they tried to discover his true identity after it became public knowledge that he was using an alias. According to Plaintiff, but for Defendants' efforts to alert state and federal authorities to his activities, he would have enjoyed the ability to live and work "without interference from what would have remained from Plaintiff's prospective a blissfully ignorant (about Plaintiff) United States Probation office." Pl.'s Br., at 12. In that sentence, Plaintiff epitomized the frivolousness of his entire suit against the Academy and the Academy Defendants.

---

[1] A copy of the Amended Complaint is attached to the Declaration of Bennette D. Kramer, dated July 25, 2007 ("Kramer Decl."), as Ex. A.

Plaintiff has not pled a single claim against any of the Academy Defendants or the Academy having any basis in law or fact. Plaintiff concocts RICO claims based on complaints about his thefts to the New York County District Attorney's Office; a section 1983 claim arising from his arrest based on these complaints; and a fraud and deceit claim based on these same complaints. In short, Plaintiff views his guilty pleas, not as a resolution of his guilt for having stolen from the Academy, but merely as a gateway to further litigation in which he intends to relegate his guilt for that crime. His contract claim, moreover, relates to employment contracts that he entered into under an alias to avoid detection by his federal probation officer; once employed, he used his position to steal from the Academy. Now he asks the Court to enforce those same contracts.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR FRAUD MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD RELIANCE.

As we showed in the Academy and Academy Defendants' opening brief (the "Opening Brief"), Plaintiff's fraud claim should be dismissed because he failed to plead that he relied on Defendants' misrepresentations. *See* Opening Br., at 21-22. In his opposition, Plaintiff does not and cannot claim that he relied in any fashion on Defendants' alleged false statements. *See* Pl.'s Br., at 2-6. No case that Plaintiff cites stands for the proposition that a valid claim for common law fraud may omit this element; rather, those cases explicitly hold that pleading reliance is indispensable.

Ducking the issue of reliance, Plaintiff instead contends that he is not precluded from bringing a civil fraud suit based upon perjury in a prior criminal proceeding in which he pled guilty. Plaintiff claims that the general rule of preclusion does not apply because of an exception in *Verplanck v. Van Buren*, 76 N.Y. 247 (1879). This position is misguided because: (1) the *Verplanck* exception only applies to prior **civil**, not **criminal**, proceedings; (2) *Verplanck* does not alter the requirement that Plaintiff had to plead all of the elements of his common law fraud claim; and (3) the *Verplanck* exception is irrelevant because Plaintiff has failed to plead any larger

2

actionable fraud that Defendants committed against Plaintiff over and above the alleged perjury and subornation of perjury in the prior criminal proceeding.

**First**, *Verplanck* and its progeny provide an exception to what the Court of Appeals has called "the ancient rule that the courts of this State will not entertain civil actions for damages arising from alleged subornation of perjury in a prior **civil** proceeding." *Newin Corp. v. Hartford Accident & Indem. Co.*, 37 N.Y.2d 211, 217, 371 N.Y.S.2d 884, 889 (1975) (emphasis added). Notably, Plaintiff does not cite to—nor have Defendants found—any case where the *Verplanck* exception was applied to a prior **criminal** proceeding – especially one where a defendant pled guilty.

**Second**, by its own terms *Verplanck* does not apply here. *Verplanck* states that the prior fraud must be a "meditated and intentional contrivance to keep the parties and court in ignorance of the real facts of the case, and obtaining the decree by that contrivance." 76 N.Y. at 258 (internal quotation omitted). However, "[t]he fraud must have been unknown to the opposite party at the time, and for not knowing which he is not chargeable with neglect or inattention, and of which, had he known it, he could have availed himself, in the court giving the judgment." *Id.*; *see also Ross v. Wood*, 70 N.Y. 8, 10-11 (1877) (stating that the prior fraud "must be that which occurs in the very concoction or procuring of the judgment or decree, and something not known to the opposite party at the time"); *accord Ward v. Town of Southfield*, 102 N.Y. 287, 293 (1886); *Ross v. Preston*, 292 N.Y. 433, 437 (1944). Here, Plaintiff obviously knew whether he was guilty of the crimes to which he pled; nothing prevented him from defending himself in the state criminal proceedings. Thus the *Verplanck* exception is inapplicable.

3

**Third**, *Verplanck* does not alter alter either the elements of common law fraud or the necessity of pleading all of them, including reliance, to state a claim.[2] Plaintiff does not claim to have relied on Farthing's grand jury testimony. By his own statement, he knew then what he claims to know now. *See Harvey v. Comby*, 245 A.D. 318, 321, 280 N.Y.S. 958, 961 (2d Dep't 1935) ("To allow a defendant to sit idly by and offer no testimony to expose a fraud he now claims he knew was being practiced upon the court and after an adverse result bring an action in equity for damages would lead to endless litigation."). Thus, any information or grand jury testimony by any of the defendants is irrelevant, because Plaintiff knowingly and intentionally pled guilty. The foreseeable consequences of his guilty plea were that he would be imprisoned and his businesses (which he illegally set up to avoid detection of his probation violation) left unattended.

In short, the Complaint fails to allege any fraud directed at Plaintiff; nothing said or done by any of the Academy Defendants is alleged to have misled him; and he never relied on anything said or done by any of the Academy Defendants when he voluntarily pled guilty in state court. Thus, the Complaint fails to allege any extrinsic fraud. *Verplanck* is utterly irrelevant.

## II.   PLAINTIFF IS BOUND BY HIS GUILTY PLEA AND CANNOT COLLATERALLY ATTACK THE VALIDITY OF HIS INDICTMENT.

Having pled guilty to stealing from the Academy, Plaintiff cannot attack the indictment's evidentiary bases. Nevertheless, Plaintiff claims that it would be "unjust" if he could not litigate in this Court the specific factual allegations underlying his indictment for stealing from the Academy even though he pled guilty to that theft. *See* Pl.'s Br., at 6-9.

**First**, other than the *Verplanck* exception for extrinsic fraud, there is **no** cause of action for perjury in a prior civil proceeding, let alone a criminal case. **Second**, except for constitutional defects implicating the integrity of prior criminal proceedings, a guilty plea forfeits any claim "that

---

[2] As one case that Plaintiff cites holds: a "defendant is liable for all harm caused by plaintiff's justifiable reliance upon the misrepresentation." *New York City Transit Auth. v. Morris J. Eisen, P.C.*, 276 A.D.2d 78, 85, 715 N.Y.S.2d 232, 237 (1st Dep't. 2000) (Pl.'s Br., at 5, 19).

the criminal proceedings preliminary to trial were infected with impropriety and error . . . Having pleaded guilty, defendant is not now entitled to revisit an evidentiary error in a pretrial proceeding." *People v. Hansen*, 95 N.Y.2d 227, 231-32, 715 N.Y.S.2d 369, 373 (2000) (quotation and citation omitted). **Third**, courts give guilty pleas preclusive effect in subsequent civil litigations when the factual issues are the same. *See Grayes v. DiStasio*, 166 A.D.2d 261, 262-263, 560 N.Y.S.2d 636, 637 (1st Dep't 1990) ("A criminal conviction, whether by plea or after trial, is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating the issue."); *accord Olsson v. MacDonald*, 16 A.D.3d 1017, 1017, 792 N.Y.S.2d 250, 251 (3d Dep't 2005). Plaintiff's conviction was based solely on his guilty plea. Here, Plaintiff wishes to pursue claims based on factual allegations that were necessarily decided by his guilty plea. This, he cannot do, and equity does not dictate otherwise.

### III.   THE AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM.

Plaintiff claims that he was injured because the Academy Defendants made false statements to the ADA and the Detective Defendants that resulted in Plaintiff's arrest and indictment, and that his businesses were destroyed as a result. In response to the Academy Defendants' argument that there was no proximate cause because Plaintiff's business was destroyed by his imprisonment as a result of his state court conviction and federal probation violation, (Opening Br., at 8, 14), Plaintiff takes the absurd position that if the Academy Defendants had not provided information to the ADA and the Detective Defendants, "Plaintiff, Empire and First Manhattan would all today and would have been since April 2004 leading productive, profitable and law-abiding lives of which the U.S. Probation Office would have remained wholly ignorant," (Pl.'s Br., at 15). Thus, Plaintiff argues that he has been injured because his crimes were exposed by the Academy Defendants' actions.

In addition to being ridiculous, Plaintiff's argument is legally untenable. Plaintiff argues that "but for" false testimony, his probation violation would not have been discovered and his

5

businesses destroyed, and that the Academy Defendants' conduct was a "substantial factor" in the destruction of his businesses. Pl.'s Br., at 15. However, the standard for proximate cause in *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006), is more restricted. Section 1964(c) requires an injury "by reason of" a defendant's RICO violation, which requires that the injury be proximately caused by defendants' activities, rather than "merely" occurring "but for" such a violation. *Id.* at 1996. Factual causation is not sufficient. *Id.; see also Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990). Thus, the Supreme Court established a "requirement of directness," *i.e.*, a direct causal connection between the plaintiff's injuries and the defendants' violations. *Anza*, 126 S. Ct. at 1996 (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 269 (1992)). If a plaintiff's claimed injury "could have resulted from factors other than petitioners' alleged acts of fraud," the injury is not sufficiently direct. *Anza*, 126 S. Ct. at 1997. Thus, "the central question [a court] must ask is whether the alleged violation led directly to the plaintiff's injuries." *Id.* at 1998.

The key factor resulting in Plaintiff's incarceration and the consequent destruction of his businesses was his own conduct: his guilty plea and his knowing violation of the terms of his probation. Plaintiff himself alleges that Academy founder Stuart Pivar commenced an investigation that led to press reports suggesting that Robert Angona, Controller of the Academy, was associated with organized crime, thus focusing public attention on Plaintiff. Compl. ¶¶ 113-16. These press reports raised questions about Plaintiff's real identity, which because of his probation violation, Plaintiff wanted to avoid. *Id.* ¶¶ 121, 150, 161-62. These issues concerning Plaintiff's identity arose before anyone contacted the ADA or the Detective Defendants. *Id.* ¶¶ 27, 168-69. Second, Plaintiff had violated his federal probation and, if he came to the attention of any authorities, he would be held on a detention warrant, which is what occurred after he was arrested. *Id.* ¶ 258-59. Finally, represented by counsel, Plaintiff pled guilty to grand larceny in the second degree (a Class C felony) for stealing property from the Academy. *Id.* ¶ 267; Kramer Decl., Exh. B. All of the

6

above factors led to Plaintiff's incarceration and the consequent demise of his businesses, eliminating any direct causal connection – indeed, any connection at all – between the Academy Defendants' alleged false statements and Plaintiff's loss of his businesses.

Further, as discussed in the Opening Brief (at 10-12), Plaintiff has not pled his fraud claims with particularity. In the Opposition Brief, Plaintiff makes no effort to describe the activities of any one of the Academy Defendants except Stephen Farthing, instead generally referring to "all Trustees" or "each of the Trustees." Pl.'s Br., at 11, 13. This is not sufficient to satisfy either Rule 9(b) or RICO pleading requirements.

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 1983.

### A.   Plaintiff Fails to State a Section 1983 Claim for Abuse of Process.

Plaintiff claims that Detectives Quinn and Rogers "used excessive and unreasonable force" (Compl. ¶ 293) and arrested Plaintiff without probable cause thereby violating Plaintiff's constitutional rights (*id.* ¶¶ 295, 297). Effectively amending his Complaint once again, Plaintiff now argues in his Opposition Brief that the Academy Defendants are liable under section 1983 for "abuse of process," (Pl.'s Br., at 23), realizing that a claim for false arrest is barred by Plaintiff's two guilty pleas (*see* Opening Br., at 18-19). Plaintiff's abuse of process claim also fails.

To allege an abuse of process claim, a plaintiff must plead: "(1) defendants employed regularly issued legal process to compel performance of some act; (2) with intent to do harm without excuse or justification; and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Jovanovic v. City of New York*, No. 04 Civ. 8437 (PAC), 2006 WL 2411541, at *11 (S.D.N.Y. Aug. 17, 2006). To meet the first element, "a plaintiff also must establish a subsequent unlawful interference with his or her person or property, in the form of being compelled to perform or forebear some act." *Maldonado v. Pharo*, 940 F. Supp. 51, 55 (S.D.N.Y. 1996); *see also Bernstein v. City of New York*, No. 06 Civ. 895 (RMB), 2007 WL 1573910, at *7

7

(S.D.N.Y. May 24, 2007); *Krebs v. United States*, No. 98 Civ. 2590 (MBM), 1999 WL 185263, at *5 (S.D.N.Y. Mar. 31, 1999) ("Abuse of process resembles a form of extortion, by which the defendant invokes legal process to coerce the plaintiff into doing something other than what the process necessitates."). As with a false arrest claim, a finding of probable cause at the time the process was issued establishes excuse or justification, and a guilty plea establishes probable cause. *Pierre-Antoine v. City of New York*, No. 04 Civ. 6987 (GEL), 2006 WL 1292076, at *8 (S.D.N.Y. May 9, 2006), citing *Granato v. City of New York*, 98 Civ. 667 (ILG), 1999 WL 1129611, at *7 (E.D.N.Y. Oct. 18, 1999); *see also Stevens v. Metro. Transp. Auth. Police Dep't*, 293 F. Supp. 2d 415, 422 (S.D.N.Y. 2003). Collateral objectives connected with an abuse of process claim arising from a criminal case include extortion, blackmail or retribution against the criminal defendant – an improper purpose alone is not enough. *Jovanovic*, 2006 WL 2411541, at *12, n.4 (citations omitted).[3] "The pursuit of a collateral objective must occur *after* the process is issued; the mere act of issuing process does not give rise to a claim." *Lopez v. City of New York*, 901 F. Supp. 684, 691 (S.D.N.Y. 1995); *see also Morales v. United States*, 961 F. Supp. 633, 638 (S.D.N.Y. 1997)(since plaintiffs "simply adduced evidence that the defendants had potentially unlawful motives in initially arresting and criminally charging [them], and nothing beyond, their claims must fail"); *Scheiner v. Wallace*, No. 93 Civ. 0062 (RWS), 1996 WL 633418, at *14 (S.D.N.Y. Oct. 31, 1996)(abuse of process claim dismissed because plaintiffs did not allege that "abuse occurred *after* process was issued in the criminal proceeding")(emphasis in original).

Plaintiff's abuse of process claim fails in several ways. First, there is no allegation that Plaintiff's arrest was instituted to compel any act by Plaintiff or extort any property from him.

---

[3] Malicious prosecution could be a collateral objective outside the legitimate goals of a criminal proceeding, but is barred here because Plaintiff's criminal case did not terminate in his favor as a result of his guilty plea. The failure of a malicious prosecution claim destroys a claim for abuse of process. *Jones v. J.C. Penny's Dep't Stores, Inc.*, No. 03 CV 920A, 2007 WL 1577758, at *15 (W.D.N.Y. May 31, 2007).

8

Second, Plaintiff's guilty plea establishes "excuse or justification" for the arrest. Third, there are no allegations to support a claim that the Defendants sought a collateral objective from Plaintiff after his arrest – he could easily have contested the allegedly false charges in state court. Indeed, there are no allegations of any actions by Defendants after Plaintiff's indictment. Plaintiff only alleges that the Academy Defendants had an "improper purpose in instigating the criminal action against Plaintiff, which is determinative of the collateral objective element of Plaintiff's abuse of process theory." Pl.'s Br., at 23-24. Plaintiff is wrong as a matter of law, and his allegations are not sufficient to support an abuse of process claim.

### B. Plaintiff Fails To Show the Academy Defendants Are State Actors

The Opening Brief demonstrated that the Academy Defendants were not state actors for purposes of section 1983 liability. Opening Br., at 17-18. In opposition, Plaintiff does not address the legal standard, asserting instead that the Academy Defendants and Detective Defendants were supposedly "joined at the hip." Pl.'s Br., at 21-23. But, as we showed in the Opening Brief, providing information to the police, even false information, does not constitute state action. Opening Br., at 17. Plaintiff's reliance on *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432 (7th Cir. 1986), is puzzling. In *Gramenos*, the Court found that the private actors who accused the plaintiff (subsequently acquitted) of a crime were not state actors and, accordingly, not liable under section 1983. *Id.* at 435-36 (emphasis added).

### V. THE BREACH OF CONTRACT CLAIM MUST BE DISMISSED.

Plaintiff fails to address the substance of Defendants' argument that Plaintiff fraudulently contracted with the Academy because—according to his Complaint—he intentionally concealed that he was using the assumed name of an inmate and that he was violating the terms of his probation. *See* Opening Br., at 23-24; Pl.'s Br., at 19-21. Instead, Plaintiff unabashedly demands

(unaided by a single case citation) that this Court reward his fraud by enforcing an illegal contract. This is absurd.

## CONCLUSION

For all the foregoing reasons and the reasons set forth in the Opening Brief, the Court should dismiss the Amended Complaint as to the Academy and the Academy Defendants and grant to them such other and further relief as the Court deems appropriate.

Date:  New York, New York
       August 21, 2007

SCHLAM STONE & DOLAN LLP

By: _____
Bennette D. Kramer (BK-1269)
Andrew S. Harris (AH-9673)
26 Broadway, 19th Floor
New York, New York 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677
E-mail: bdk@schlamstone.com

*Attorneys for the Academy Defendants and the Academy*