UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN R. BLUMATTE, a/k/a
ROBERT ANGONA, a/k/a
JOHN BLUE,

                      Plaintiff,

      -against-

GERARD QUINN, DONALD ROGERS, STEPHEN
FARTHING, RANDOLPH LERNER, JR., DAVID
LEVINSON, RUSSELL WILKINSON, EILEEN
UGENHEIM, ROBERT BOLANDIAN,
CHARLES CAWLEY, ANTHONY COLES,
CHRISTOPHER FORBES, MARGOT GORDON,
ROLAND GRYBAUSKAS, LUDWIG KUTTNER,
DAVID LONG, DOUGLAS OLIVER, JULIA
JITKOFF, DAVID SCHAFER, SYBIL
SHAINWALD, DENNIS SMITH, THE
GRADUATE SCHOOL OF FIGURATIVE ART OF
THE NEW YORK ACADEMY OF ARTS,
JEFFREY C. SLADE, and ELYSE RUZOW

                    Defendants.
----------------------------------------------------------------X

Civil Action No.  07 CV 2944(JSR)

**Filed Electronically**

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JEFFREY C. SLADE'S MOTION TO DISMISS AMENDED COMPLAINT

Kaufman Borgeest & Ryan LLP
Attorneys for Defendant
JEFFREY C. SLADE
99 Park Avenue, 19th Floor
New York, NY  10016
(212) 980-9600
File No. 217.081

Of Counsel
Jonathan B. Bruno
Andrew S. Kowlowitz

# TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES ..................................................................................ii-iii

PRELIMINARY STATEMENT ..........................................................................1

ARGUMENT ......................................................................................................1

POINT I     PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 USC §1983 ..........1-2

POINT II    PLAINTIFF'S RELIANCE UPON THE *VERPLANCK* EXCEPTION IS
            MISPLACED AS PLAINTIFF CANNOT PLEAD A CLAIM FOR
            FRAUD AND DECEIT ..........................................................................2-5

POINT III   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATIONS
            OF NEW YORK JUDICIARY LAW SECTION 487 ...................................5-6

POINT IV    PLAINTIFF'S ATTEMPT TO ASSERT A CLAIM FOR ABUSE OF
            PROCESS IS IMPROPER AND MUST BE REJECTED ............................6-7

POINT V     PLAINTIFF FAILS TO STATE A CLAIM UNDER 18 USC § 1964 .........7-10

CONCLUSION....................................................................................................10

i

**TABLE OF AUTHORITIES**

Pages

Broughton v. State,
37 N.Y.2d 451, 373 N.Y.S.2d 87 (1975) ..............................................................4

Burbrooke Manufacturing Co. v. St. George Textile Corp.,
283 A.D.2d 640, 129 N.Y.S.2d 588 (1st Dept. 1954)...................................3

Chapo v. Premier Liquor Corp,
259 A.D.2d 1050, 688 N.Y.S.2d 342, 343 (4th Dept. 1999) ..........................2

Ciambriello v. County of Nassau,
292 F.3d 307 (2d Circ. 2002)............................................................................2

Cook v. Sheldon,
1 F.3d 73 (2d Cir. 1994).................................................................................6

Deck v. Engineered Laminates,
349 F.3d 1253 (10th Cir. 2003) .....................................................................8

DeFalco v. Bernas,
244 F.3d 286 (2d Cir.2001).............................................................................9

DiVittorio v. Equidyne Extractive Indus., Inc.,
822 F.2d 1242 (2d Cir.1987)...........................................................................3

Gelmin v. Quickie,
224 A.D.2d 481, 638 N.Y.S. 2d 132 (2d Dept. 1996) ..............................5

Henry v. Brenner,
271 A.D.2d 647 N.Y.S. 2d 465 (2d Dept. 2000) ........................................5

Jacobson v. Peat, Marwick, Mitchell & Co.,
445 F. Supp. 518 (S.D.N.Y. 1977) ............................................................6

Jones v. J.C. Penney Department Stores, Inc.,
2007 WL 1577758 (W.D.N.Y. May 31, 2007)..............................................2

Lutin v. New Jersey Steel Corp.,
122 F.3d 1056, 1997 WL 447005, (2d Cir. 1997) ...................................7

McLaughlin v. Anderson,
962 F.2d 187 (2d Cir.1992)..................................................................................7

Mills v. Polar Molecular Corp.,
12 F.3d 1170 (2d Cir. 1993)................................................................................8

Mitchell v. Home,
377 F. Supp.2d 361 (S.D.N.Y. 2005).................................................................2

New York City Transit Authority v. Eisen, P.C.,
276 A.D.2d 78, 715 N.Y.S.2d 232 (1st Dept. 2000)..........................................3

Savino v. City of New York,
331 F.3d 63 (2d Cir. 2003)..................................................................................6

Southwick Clothing LLC v. GFT (USA) Corp.,
2004 WL 2914093, 2004 U.S. Dist. LEXIS 25336, (S.D.N.Y. Dec. 15, 2004) ..................6

Spear v. Town of West Hartford,
954 F.2d 63 (2d Circ. 1992)................................................................................2

Texas Liquids Holdings, LLC v. Key Bank Nat. Ass'n,
No. 05, Civ. 5070(KMW), 2007 WL 950136, (S.D.N.Y. Mar. 27, 2007) ...........................6

United States v. Eisen,
974 F.2d 246 (2d Cir. 1992).................................................................................5

United States v. Persico,
832 F.2d 705 (2d Cir. 1987).................................................................................9

United States v. Veal,
153 F.3d 1233 (11th Cir. 1998) .............................................................................8

Verplanck v. Van Buren,
76 N.Y. 247, 1879 WL 10618 (1879)..................................................................3

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted by Defendant Jeffrey C. Slade, Esq (hereinafter "Attorney Slade") in support of his motion pursuant to Federal Rules of Civil Procedure 12 (b) (6) to dismiss all claims by plaintiff, John R. Blumatte a/k/a Robert Angona a/k/a John Blue as set forth in the plaintiff's Amended Complaint.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 USC § 1983

In opposition, plaintiff concludes that he had has met "his burden of alleging the details of time, place and the alleged effect of the conspiracy between the Trustees and the Police Defendants." Pl. Opp, pg. 22. With respect to Attorney Slade individually, the Amended Complaint merely alleges that he retained IPSA, a private investigation firm, that several employees of IPSA were former agents of the Federal Bureau of Investigation, and therefore, the Trustees "enjoyed a special relationship" with law enforcement. Pl. Opp. pg. 22; Am. Comp. ¶¶ 155-160. Plaintiff also alleges that the Trustees (including Attorney Slade) encouraged the Police Defendants and the ADA to "use their best efforts" to learn more about plaintiff's background, and that these "best efforts" included the purported unlawful arrest of the plaintiff. Pl. Opp. pg. 22; Am. Comp. ¶¶ 174-195.

These vague allegations are insufficient to establish a claim under Section 1983 against Attorney Slade since plaintiffs fails to adequately allege that Attorney Slade, a private attorney, acted in concert with a state actor to commit an unconstitutional act. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act."

See <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324 (2d Circ. 2002) (citing <u>Spear v. Town</u> <u>of West Hartford</u>, 954 F.2d 63, 68 (2d Circ. 1992)).  However "**a mere conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a Section 1983 claim against a private entity**." <u>See</u> <u>Jones v. J.C. Penney Department Stores, Inc.</u>, 2007 WL 1577758 at *6 (W.D.N.Y. May 31, 2007) [emphasis added].  Plaintiff makes no attempt to distinguish this well established legal principle.

Plaintiff's opposition also fails to acknowledge or otherwise dispute that "there is no liability for merely giving information to legal authorities, who are left entirely free to use their own judgment in effecting an arrest, or in swearing out a criminal complaint so that an arrest is legally authorized." <u>See</u> <u>Mitchell v. Home</u>, 377 F. Supp.2d 361, 376 (S.D.N.Y. 2005) (citing <u>Chapo v. Premier Liquor Corp</u>, 259 A.D.2d 1050, 1051, 688 N.Y.S.2d 342, 343 (4th Dept. 1999)).  Here, plaintiff's claim against Attorney Slade arises from purported communications Attorney Slade had with the arresting police officers and the ADA, which led to the eventual arrest and conviction of the plaintiff for felony larceny.  <u>Mitchell</u> makes clear that Attorney Slade has no liability for these communications.

## POINT II

## PLAINTIFF'S RELIANCE UPON THE *VERPLANCK* EXCEPTION IS MISPLACED AS PLAINTIFF CANNOT PLEAD A CLAIM FOR FRAUD AND DECEIT

Plaintiff's claim for "fraud and deceit" arises from the allegation that Farthing provided the Police Defendants, the ADA and the grand jury with false statements concerning the plaintiff's purported criminal activity, and that the Police Department, the ADA and the grand jury reliance upon the false statements resulted in the plaintiff's criminal conviction.  Am. Comp. ¶¶ 299-305.  Although plaintiff's purported claim for "fraud and deceit" appears to be a rather

straight-forward deficiently pled claim for malicious prosecution, plaintiff argues that he has pled a claim for fraud and deceit within the meaning of the *Verplanck* exception. Pl. Op. pgs. 17, 18. However, plaintiff's reliance on the *Verplanck* exception is misplaced.

The *Verplanck* exception, as set forth in Verplanck v. Van Buren, 76 N.Y. 247, 1879 WL 10618 (1879), Burbrooke Manufacturing Co. v. St. George Textile Corp., 283 A.D.2d 640, 129 N.Y.S.2d 588 (1st Dept. 1954), and New York City Transit Authority v. Eisen, P.C., 276 A.D.2d 78, 715 N.Y.S.2d 232 (1st Dept. 2000), provides an exception to the rule that a party who lost or settled a case as a result of false testimony cannot collaterally attack that judgment in a separate action. Under the *Verplanck* exception "while this principle [set forth above] is generally viable, an exception exists where the perjury is a means for the accomplishment of a larger fraudulent scheme. An action for damages is not precluded in that circumstance." See New York City Transit Authority, 276 A.D.2d at 88.

In the case at hand, plaintiff has failed to allege that Attorney Slade participated in any "larger fraudulent scheme" with the requisite particularity required by Rule 9 (b). Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir.1987).

The allegations which implicate Attorney Slade are entirely conclusory in nature since the plaintiff lumps Attorney Slade together with the "Trustees" while failing to delineate which specific acts Attorney Slade committed in furtherance of any purported "fraud." Thus, plaintiff fails to plead a fraudulent scheme under Rule 9 (b).

Furthermore, the *Verplanck* exception simply does not apply to plaintiff's ill-pled malicious prosecution claim. Verplanck, Burbrooke Manufacturing Co., and New York City Transit Authority all involve instances where a former civil litigant obtained an unfair result in a prior **civil proceeding** as a result of an adversary's rampant and overt fraud, and fraud upon the Court. In New York City Transit Authority, *supra*, the plaintiff sought to recover monies previously paid out in two personal injury actions on grounds that those payments were procured through a fraud committed by a defendant law firm. The defendant attorneys' fraud was established by a criminal conviction for RICO violations after a criminal trial. The Court found that the plaintiff was entitled to restitution of the previously paid settlement on the basis that the defendant attorneys' fraud on the Court was part of a wider scheme to defraud civil defendants to reap large contingency fees.

Here, plaintiff's claim for fraud and deceit (or "perjury")[1] arise from a criminal conviction and not an adverse ruling in a civil adjudication. Thus, plaintiff's purported claim for fraud and deceit is a deficiently pled claim for malicious prosecution, which requires that a plaintiff plead: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice. See Mitchell v. Home, 377 F. Supp.2d 361, 373 (S.D.N.Y. 2005); Broughton v. State, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87 (1975).

Plaintiff's malicious prosecution claim masked as a "fraud and deceit" claim fails since plaintiff cannot prove the second element of the claim, i.e., that the proceeding was resolved in his favor, since plaintiff concedes that he pled guilty to grand larceny. Am. Comp. ¶¶ 267, 270. Furthermore, as set forth in Point I, *supra*, plaintiff's opposition fails to acknowledge the well-

---

[1] Plaintiff concedes that a claim for perjury is not otherwise actionable. Pl. Op. pg. 17.

established rule that Attorney Slade, as a civilian, cannot be liable for co-defendant Farthing's statements to the police even if a plaintiff alleges that defendants "gave false information" to the authorities. See Mitchell, *supra* at 377.

### POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATIONS OF NEW YORK JUDICIARY LAW SECTION 487

In opposition, plaintiff is content to rely on the same bare-bone conclusory allegations as set forth in plaintiff's Amended Complaint to support his claim for violations of Section 487, i.e., that Attorney Slade acting as "de facto Trustee" engaged in a pattern of fraud along with the other trustee defendants to induce Farthing to make a false statement to the Police concerning the plaintiff's embezzlement. However, plaintiff's allegations are woefully deficient to establish the elements of deceit, which is required under the statute.

The elements of a *deceit* claim are the same elements that constitute a cause of action for fraud, namely "representation, falsity, scienter, deception and injury." See Henry v. Brenner, 271 A.D.2d 647, 706 N.Y.S. 2d 465 (2d Dept. 2000); Gelmin v. Quickie, 224 A.D.2d 481, 638 N.Y.S. 2d 132 (2d Dept. 1996). However, the plaintiff fails to delineate which specific acts and/or statements Attorney Slade made to induce Farthing to make the alleged false statements to the police. Plaintiff relies upon bare-bone conclusory allegations instead.

Plaintiff's reliance on case law fares no better as plaintiff states that "Slade stands for present purposes in exactly the same position as did the attorney defendants in United States v. Eisen, 974 F.2d 246, 254-55 (2d Cir. 1992)." Pl. Opp. pg. 19. However, in Eisen, the defendant attorneys sought to overturn a criminal conviction for violations of the criminal RICO statute. There are simply no allegations that Attorney Slade has been convicted of a RICO violation or that Attorney Slade engaged in a showing of "chronic or extreme pattern of legal delinquency."

<u>Eisen</u> is entirely distinguishable and plaintiff's purported Judiciary Law § 487 claim should be dismissed.

**POINT IV**

**PLAINTIFF'S ATTEMPT TO ASSERT A CLAIM FOR ABUSE OF PROCESS IS IMPROPER AND MUST BE REJECTED**

In opposition, plaintiff attempts to assert for the very first time a claim for abuse of process. Plaintiff's attempt to assert a new cause of action in his opposition is an improper attempt to amend his complaint for a second time, and should be rejected by this Court as a matter of law.

In <u>Texas Liquids Holdings, LLC v. Key Bank Nat. Ass'n</u>, No. 05, Civ. 5070(KMW), 2007 WL 950136, at *3 (S.D.N.Y. Mar. 27, 2007), the Court rejected a plaintiff's attempt in opposition to a motion to dismiss to re-plead facts sufficient to establish a claim not previously pled in the complaint; <u>See also</u> <u>Southwick Clothing LLC v. GFT (USA) Corp.</u>, 2004 WL 2914093, *6, 2004 U.S. Dist. LEXIS 25336, at *20-21 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers, and hence such new allegations and claims should not be considered in resolving the motion." ); <u>Jacobson v. Peat, Marwick, Mitchell & Co.</u>, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("[A] party is not entitled to amend his pleading through statements in his brief.")

Nonetheless, plaintiff has failed to plead a viable claim for abuse of process. In New York, an abuse of process claims lies against the defendant who: (1) employs regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. <u>See</u> <u>Savino v. City of New York</u>, 331 F.3d 63 (2d Cir. 2003); <u>Cook v. Sheldon</u>, 41 F.3d 73 (2d Cir. 1994). "To state a claim for criminal abuse of process, it is

not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." See Savino at 77.

Here, plaintiff has not pled sufficient facts to set forth the elements of a claim for abuse of process against Attorney Slade. Moreover, plaintiff admitted (i.e., pled guilty) to committing the acts of larceny which form the basis of the criminal charge. Therefore, it is wholly illogical for plaintiff to allege abuse of process against any defendant since he has admitted his wrongdoing.

## POINT V

## PLAINTIFF FAILS TO STATE A CLAIM UNDER 18 USC § 1964

Plaintiff's civil RICO claim against Attorney Slade fails since plaintiff fails to plead: which specific acts Attorney Slade committed in furtherance of the purported RICO scheme; two or more predicate acts committed by Attorney Slade; that the alleged false testimony provided by Farthing falls within the definition of an "official proceeding"; or that plaintiff was the intended target of the alleged RICO scheme.

Plaintiff must establish that each individual defendant "personally committed two or more predicate acts or agreed to commit two predicate acts." Lutin v. New Jersey Steel Corp., 122 F.3d 1056, 1997 WL 447005, at *5 (2d Cir. 1997). In the context of a RICO claim, where the underlying predicate acts are based on fraud, Rule 9(b) calls for the Complaint to "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." See McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir.1992). Where the allegations vaguely attribute acts to a defendant, the count is

insufficiently pled and cannot survive a motion to dismiss. See Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993).

In opposition, plaintiff continues to categorically lump all "defendants other than the Police Defendants, the ADA and the Academy" together as "Trustees," while failing to delineate which specific acts Attorney Slade undertook in furtherance of the purported racketeering scheme. Pl. Opp. pgs. 11-16. With respect to Attorney Slade individually, plaintiff alleges that Attorney Slade retained and communicated with IPSA and encouraged the Police Defendants to use their "best efforts" to learn plaintiff's identity. Plaintiff also alleges that Attorney Slade, as a member of the "*ad hoc* subcommittee," engaged in witness tampering by improperly influencing co-defendant Farthing to give false testimony to the Police Defendants concerning plaintiff. Am. Comp. ¶¶ 338, 348-355. None of the allegations set forth against Attorney Slade individually amount to a predicate act under the civil RICO statute, including the allegation that Attorney Slade coerced Farthing to give false testimony to the Police Defendants.

It is well established that witness tampering is only actionable if it takes place "in an official proceeding," which is defined in U.S.C. § 1515 (a) (1) to include only federal proceedings. See Deck v. Engineered Laminates, 349 F.3d 1253 (10th Cir. 2003); See also United States v. Veal, 153 F.3d 1233, 1249 (11th Cir. 1998). Since Farthing's criminal testimony was in relation to a criminal proceeding instituted and maintained by the New York County District Attorney's office, plaintiff's purported claim for tampering with a witness is not a RICO predicate act. Plaintiff's opposition makes no mention of this critical pleading shortcoming.

Nor can plaintiff prove that he was the intended target of the purported RICO scheme. Plaintiff acknowledges that "[a]lthough the amended complaint describes a great many predicate acts – most of which damaged persons other than plaintiff – the two predicate acts alleged in

paragraphs 249 and 250 … are in and of themselves legally sufficient to sustain the amended complaint." Pl. Opp. pgs. 13, 14. The paragraphs cited refer to two purported conference calls which occurred on April 24, 2004 and April 27, 2004 involving the Trustees and IPSA where by, "all acquiesced in continuing their scheme to destroy by fraud and deceit the Plaintiff and his businesses." Am Comp. ¶¶ 249, 250. However, these allegations are entirely vague and conclusory in nature, and insufficient to establish that plaintiff was the intended target of a purported RICO scheme.

To the contrary, the alleged predicate acts cited by plaintiff demonstrate that he was <u>not</u> the immediate victim or the intended target of the alleged RICO scheme. The predicate acts complained of consist of the alleged filing of inaccurate income tax returns, the filing of false insurance claims, and violating federal law in connection with federally guaranteed loans. Am. Comp. ¶¶ 48-55, 67, 83-85. None of these purported acts target the plaintiff.

Plaintiff's claim for RICO violations also fails since he is unable to plead the proximate cause element. In opposition, plaintiff argues "that 'but for' Farthing's induced false testimony, Plaintiff, Empire, and First Manhattan would all today and would have been since April 2004 leading productive, profitable and law-abiding lives of which the U.S. Probation Office would have remained wholly ignorant." Pl. Opp. pg. 15.

A civil RICO plaintiff must plead "causation," i.e., that plaintiff was "injured in his business or property by reason of a violation of section 1962." See <u>Moss v. Morgan Stanley</u>, *supra*. These "requirements ... must be established as to each individual defendant." <u>See</u> <u>DeFalco v. Bernas</u>, 244 F.3d 286, 306 (2d Cir.2001); <u>see also</u> <u>United States v. Persico</u>, 832 F.2d 705, 714 (2d Cir. 1987). To successfully maintain a claim under RICO, plaintiff must allege injury to its business or property by reason of the RICO violations. <u>See</u> 18 U.S.C.A. 1961(5).

Plaintiff fails to plead sufficient facts to identify any specific acts Attorney Slade committed which proximately caused plaintiff's business to fail. To the contrary, plaintiff's alleged consequential harm to his wife's businesses stems from his incarceration as a result of his voluntary guilty plea, and not any predicate act undertaken by Attorney Slade individually.

Plaintiff's purported RICO claim fails and should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, it is respectfully requested that on the facts, the law and for all the reasons set forth herein, that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the plaintiff's Amended Complaint in its entirety with prejudice against Attorney Slade and for such other relief as this Court deems just and proper.

Dated: New York, New York
      August 21, 2007

KAUFMAN BORGEEST & RYAN LLP

By:    Jonathan B. Bruno
        Andrew S. Kowlowitz
        Attorneys for Defendant,
        Jeffrey C. Slade
        99 Park Avenue, 19th Floor
        New York, New York 10016
        Telephone No.: (212) 980-9600
        KBR File No.: 217.081